STATE *v.* HENRY BULLOCK and NELLY BULLOCK.

The facts occurring at the trial, alleged as ground for a new trial, must appear affirmatively upon the record transmitted from the Court below.

It is permitted to the presiding Judge to order a special *venire* only for the trial of persons charged with capital offences, and therefore the refusal to make such an order upon a trial for *arson* is correct.

A juror who is a non-resident of the County in which the trial is had, is liable to be challenged therefor.

It is a matter of discretion with the presiding Judge to discharge a jury upon a trial for crime, before they have rendered a verdict; and *semble,* that in all cases an appeal may be had (see *Prince's* case, *ante* 529) from the decision of the Judge upon *the law* involved in such discharge.

*Quaere,* Whether the common law rule of carrying a jury around the circuit in case of its disagreement, do not still exist in this State.

(*Prince's* case, *ante* 529. cited and approved.)

ARSON, tried before *Watts, J.,* at Spring Term 1869 of the Superior Court of FRANKLIN.

The facts appear in the Opinion of the Court.

Verdict, Guilty; Rule for a New Trial; Rule discharged; Motion in arrest of judgment; Motion overruled; Judgment, and Appeal.

*Solomon,* for the appellants.

*Jenkins,* for the State.

RODMAN, J.  The prisoners were indicted at August Term 1868 of Warren Superior Court, for arson, in burning a dwelling house, "against the form of the statute," and pleaded not guilty.  At the same term they were put on trial, and the jury not being able to agree, the Court ordered, "that they be taken in charge of the sheriff of this County, and kept together until Monday next, when the sheriff shall bring them before the Court, at the Court House of Franklin County, at Louisburg, &c.," and that the sheriff bring also the prisoners, &c., for further proceedings; and the Court of Warren was there-

STATE *v.* BULLOCK.

upon adjourned. According to the order, the Sheriff of Warren brought the jury and the prisoners before the Superior Court for Franklin at Louisburg, where the jury, being still unable to agree, were discharged. The counsel for the prisoners moved for their discharge, but this was refused, and they were continued in the custody of the Sheriff of Warren. At the next term of Warren Superior Court, the prisoners moved their trial to Franklin, where they were tried and convicted. They then moved for a *venire de novo*, on the following grounds:

1. That they were denied a special *venire de novo* from which to obtain a jury, although it was duly asked for.

*Answer.* It does not appear affirmatively, from the record, or otherwise than from the prisoners' exception, that a special *venire* was asked for or refused. Moreover, the ordering of a special *venire* is in no case imperative; it is permitted when the Judge "shall deem it necessary to a fair and impartial trial of any person charged with a capital offence." Rev. Code, ch, 35, s. 30. Arson was a capital offence by Rev. Code, ch. 34, s. 2, but by an act ratified August 22nd 1868 (Acts 1868, ch. 44, p. 60,) the punishment was commuted to hard labor for not less than twenty, nor more than sixty years. This act was in force before the second trial. This exception therefore fails.

2. That the State was improperly allowed to challenge a juror upon the ground of his being a non-resident of Franklin County.

*Answer.* The cause of this exception, like that of the first, does not appear affirmatively upon the record; but waiving this, we think the Judge committed no error in allowing the challenge. It does not appear whether the person challenged was of the original panel, or a talesman; and it would make no difference, for the talesmen must be such as the original panel. By the common law the jurors must be returned from the county wherein the fact was commited, 2 Hawk. 559; and by Rev. Code, ch. 31, s. 25, they must be returned from the county in which they reside.

The prisoners then moved in arrest of judgment, by reason of the discharge of the jury without their having agreed, on

the first trial. As the whole matter appeared upon the record, this manner of presenting the defence was proper; it was taken without objection in *the Kinloch's* case. Fost. 22. But the rule that a jury sworn and charged cannot be discharged (without the prisoner's consent) till they have given a verdict, was never supposed to apply to any but capital cases, (2 Hawk. P. C.,) which it has been seen this was not. It was, therefore, within the rightful power of the Judge, in the exercise of a judicial discretion, to discharge the jury. In the case of *Prince*, decided at this term, we have indicated that in a capital case, an exercise of this discretion combines a decision on the fact and the law, and that from such a decision, so far as it includes a question of law, an appeal lies to this Court. We do not think it necessary to determine now whether this principle would apply to all felonies, (although we are inclined to think it would), inasmuch as we think the facts sets forth in the record in this case sufficiently justify the discharge of the jury.

As to the course taken by the learned Judge in requiring the jury from Warren to be carried into Franklin County: Such was the authority of the Judge at common law, (2 Hale P. C. 297;) but it never has been a usual practice in this State, and the act authorizing a Court to be kept open beyond its regular term, in case of the disagreement of a jury charged with a capital case, (Rev. Code, ch. 31, s. 16) may be considered as intended to discourage such a practice by making it unnecessary; we are not disposed, however, unnecessarily to say that it absolutely destroys the common law power.

After the argument in this case, Mr. Solomon filed a brief for the prisoners, in which in addition to the exceptions above discussed, he takes the exception that the prisoners were not allowed to challenge twenty-three jurors. It will be sufficient to say that the record discloses no ground for such an exception, nor does it appear that any such exception was taken by the prisoners in the Court below.

There is no error in the record, and the judgment must be affirmed, Let this opinion be certified, &c.

PER CURIAM.                    No Error.