THE STATE *v.* NATHAN ALMAN.

A jury charged with a case of alleged murder, retired to consider of their verdict upon Saturday of the first week of the term, at 8 o'clock, P. M., and upon Monday of the 2d week, at 5½ o'clock, P. M., returned into Court, being unable to agree; thereupon, the Judge ordered a juror to be withdrawn; *Held*, that such order was erroneous, and in consequence thereof, the prisoner could not be tried again, and had a right to be discharged from custody.

On a trial for felony no order that may prejudice the prisoner, can be made in his absence from the bar.

(*State* v. *Prince*, 63 N. C. 529; *State* v. *Bullock*, ib. 570 cited and approved.)

MOTION to discharge a prisoner, made before *Watts, J.,* at Fall Term 1869, of WAKE Court.

The prisoner had been indicted at the same term for Murder. The jury charged with the trial of the case retired to consider of their verdict at 8 o'clock, P. M., of Saturday in the first week of the term, "and being unable to agree," came to the bar of the Court on Monday evening at half-past 5 o'clock, when a juror was withdrawn, and the jury discharged, neither the prisoner nor his counsel being present in Court.

Afterwards, at the same term, the counsel for the prisoner moved for his discharge from custody. This motion was overruled, and the prisoner appealed.

*Fowle & Badger*, for the appellant.
*Attorney General and Cox*, contra.

RODMAN, J. In *The State* v. *Prince*, 63 N. C. 529, it was decided that a Court had no power to discharge a jury under the state of facts appearing of record there. In that opinion, the previous decisions of this Court were discussed, and we thought ourselves justified, by the authority of *Newton's case*, 66 E. C. L. 716, and the reasons therein stated, in holding that the rule asserted in our former cases, could not be supported in its full extent. The counsel for the present defendant, in his argument before us, suggested that by an incidental statement occurring in the opinion in Prince's case, to the effect that in Newton's case, the jury had been discharged after a deliberation of about thirty-six hours, without the statement of the additional fact which existed in that case, i. e. that the term of the Court had expired, the Judge below might have been mislead to suppose, that in our opinion a jury might be properly discharged if unable to agree after a deliberation of thirty-six hours, without further reason to justify the discharge. We are not inclined to think that the Judge below drew any such inference, as it would betray on his part a superficial consideration of the the opinion. We were not there, undertaking to prescribe the circumstances which would justify a Judge in discharging a jury, and the circumstance in *Newton's case* of the length of time during which the jury had deliberated, was mentioned only to show that the case departed widely from the previous decisions of this Court. In fact such an inference was precluded by the statement, that it was impossible to lay down any general rule which should govern all cases, but that each must be decided by the Judge presiding at the trial, on its own circumstances. The only case in which we undertook to say that it would be proper to discharge a jury, was one like Spier's, in which the term expired during the trial, and, as the law then stood, the Judge had no power to prolong it. In *Prince's case* we held, that the course of a Judge in dis-

charging a jury before rendering a verdict in a capital case, could be reviewed on appeal; and in this case we are called on to decide, whether the reason for discharging the jury assigned by the Judge, was sufficient. The only reason assigned is, that after a deliberation of about forty-five hours, they were unable to agree. Had the additional reason which existed in *Newton's case*, and in *Spier's case*, and in the case of *State* v. *Bullock*, 63 N. C. 570 ; viz: that the term had expired, or was about to expire, concurred in this case with the inability of the jury to agree, after such a time of deliberation, we should hold that the Judge had rightly exercised his judicial discretion. But in this case there was no such additional reason. The case was committed to the jury on Saturday evening of the first week of the term, and the jury was discharged on the evening of the Monday of the second week, after a deliberation of about forty-five hours. We do not think that the mere lapse of that space of time without an agreement by the jury, coupled as we may suppose it to have been (although the fact is not stated,) with their declaration that they probably could not ever agree, was a sufficient cause for their discharge.

To be put in jeopardy of one's life through a criminal trial, is a grave occurrence. The common law, as once understood, absolutely prohibited a second jeopardy, and the principle is incorporated in the Constitution of the United States, *Amendments, Art. V.*

For the reasons stated in Prince's case and more fully in the cases there referred to, the Courts both of England and of the several American States, have felt themselves compelled to depart from a literal obedience to this principle. But it must never be supposed that the rule is abolished. Reason and humanity concur with authority, to defend it. Every exception from it must justify itself; it must be shown that the exception stands on as good ground as the rule.

We have not noticed the fact stated in the case, that the

prisoner was not present when the jury was discharged, because in the view we take of it, that irregularity was immaterial. It might however have been otherwise. Our State Constitution (*Declaration of Rights, Art.* 1, *s.* 11.) gives to every person accused, the right to be confronted with his accusers. This was not a new rule requiring interpretation. It has long been perfectly settled that in a trial for felony, no order which may prejudice a prisoner can rightfully be made in his absence. It would be superfluous to cite authorities for this maxim. We suppose the course of the Judge was simply inadvertent, but we do not feel at liberty to let it pass without observation. In our opinion the prisoner is entitled to his discharge.

Let this opinion be certified.

PER CURIAM.                              Order accordingly.