STATE OF NORTH CAROLINA v. ROGER LEE BATTLE

No. 2

(Filed 13 October 1971)

1. **Constitutional Law § 34; Criminal Law § 26— mistrial — plea of former jeopardy**

    An order of mistrial in a criminal case generally will not support a plea of former jeopardy.

2. **Criminal Law § 128— mistrial — failure to reach verdict — discretion of court**

    When the jurors declare their inability to agree, it must be left to the trial judge, in the exercise of his judicial discretion, to decide whether he will then declare a mistrial or require them to deliberate further.

3. **Constitutional Law § 34; Criminal Law §§ 26, 128— failure to reach verdict — mistrial — former jeopardy**

    The trial court did not abuse its discretion in declaring a mistrial after the jury had deliberated approximately two hours and forty minutes without reaching a verdict and all the jurors were of the opinion that they never could agree upon a verdict, and defendant's plea of former jeopardy at his subsequent trial for the same offense was properly denied.

APPEAL by defendant from *Burgwyn, E. J.,* 10 August 1970 Session of EDGECOMBE, transferred from the Court of Appeals for initial appellate review by the Supreme Court under its general order of 31 July 1970, entered pursuant to G.S. 7A-31(b)(4).

At the 8 June 1970 Session, May, J., presiding, defendant was tried upon a bill of indictment which charged that on 18 March 1970, by the use of tools, he feloniously attempted to force open a certain safe used for storing money and other valuables (a violation of G.S. 14-89.1). The State's evidence tended to show that on 18 March 1970, sometime after 10:30 p.m., defendant and an accomplice entered the office of Williams Transfer and

State v. Battle

Storage Company and, by the use of a hammer, chisel, bar, and drill, attempted to open a safe containing about $336.00 belonging to the company. Defendant offered no evidence.

The jurors began their deliberations sometime Friday morning, 12 June 1970. At 1:10 p.m. the jurors were called back into the courtroom. When, upon inquiry, they informed the judge that no verdict had been reached, court was recessed for lunch until 2:30 p.m. Thereafter, the jury deliberated from 2:30 p.m. until 3:17 p.m. when the court again called the jury back into the courtroom. In response to the clerk's inquiry, the jury advised the court that they had not agreed upon a verdict; that they stood "six and six" and that had been the division since before lunch. The court instructed the jury to retire and resume deliberations.

At 4:00 p.m. the court once more called the jury back to the courtroom. The jurors again said that they had not agreed upon a verdict; that they were "still locked the same way"— six to six; and that had been the division since the first fifteen minutes of deliberation. It was the opinion of each juror that the jury could never agree. The court, upon a finding that after having deliberated approximately two hours and forty minutes all jurors were convinced they could never agree upon a verdict, declared a mistrial and ordered a new trial.

After the mistrial was ordered, defendant objected and excepted to the order.

When the cause again came on for retrial at the 10 August 1971 Session before Burgwyn, J., defendant moved in writing that the indictment be dismissed because he had previously been tried for the same offense at the 8 June 1970 Session and to place him on trial again would twice put him in jeopardy, a violation of the provisions of both the Federal and State constitutions. Judge Burgwyn, after reviewing the record of the first trial, overruled the plea of former jeopardy, and the trial proceeded. The State offered evidence tending to establish defendant's guilt of the crime charged. Defendant again offered no evidence. The jury's verdict was guilty as charged and, from the sentence of fifteen years in the State's prison, defendant appealed.

*Attorney General Morgan; Assistant Attorneys General Melvin and Costen for the State.*

*Spruill, Trotter & Lane by Cleveland P. Cherry for defendant appellant.*

SHARP, Justice.

The "sacred principle of the common law" that no person can twice be put in jeopardy of life or limb for the same offense has always been an integral part of the law of North Carolina. *State v. Birckhead,* 256 N.C. 494, 124 S.E. 2d 838; *State v. Crocker,* 239 N.C. 446, 80 S.E. 2d 243; *State v. Prince,* 63 N.C. 529; *State v. Garrigues,* 2 N.C. 241 (1795). Therefore, the decision in *Benton v. Maryland,* 395 U.S. 784, 23 L. Ed. 2d 707, 89 S. Ct. 2056 (1969), which made the double jeopardy provision of the Fifth Amendment applicable to the several states through the Fourteenth Amendment, added nothing to our law.

[1]  However, the general rule is that an order of mistrial in a criminal case will not support a plea of former jeopardy. *See* 53 Am. Jur., *Trial* § 1000 (1945). This rule prevails in North Carolina and in the federal courts. *United States v. Perez,* 9 Wheat. 579, 6 L. Ed. 165 (1824); *State v. Whitson,* 111 N.C. 695, 16 S.E. 332; *State v. Honeycutt,* 74 N.C. 391; *State v. Bullock,* 63 N.C. 570. *See State v. Jefferson,* 66 N.C. 309.

[2]  When the jurors declare their inability to agree, it must be left to the trial judge, in the exercise of his judicial discretion, to decide whether he will then declare a mistrial or require them to deliberate further. *State v. Trippe,* 222 N.C. 600, 24 S.E. 2d 340. This is always a delicate question. Either releasing the jury "too soon" or holding it "too long" will bring charges of an abuse of discretion. "But, after all, they [the trial judges] have the right to order the discharge; and the security which the public have for the faithful, sound and conscientious exercise of this discretion, rests, in this, as in other cases, upon the responsibility of the judges, under their oaths of office." *United States v. Perez, supra* at 580, 6 L. Ed. at 165.

[3]  After a jury has declared its inability to reach a verdict, the action of the trial judge in declaring a mistrial is reviewable only in case of gross abuse of discretion, and the burden is upon defendant to show such abuse. *State v. Birckhead, supra.* In this

case no abuse of discretion appears. The judgment of the court below is

Affirmed.