STATE OF NORTH CAROLINA v. ANDREW LYNN JONES

No. 8310SC757

(Filed 3 April 1984)

Constitutional Law § 34; Criminal Law § 148.1— appeal from denial of motion to dismiss indictment on double jeopardy grounds—premature

    Defendant does not have a right to appeal a denial of a motion to dismiss an indictment on double jeopardy grounds prior to being put to trial a second time since defendant is given adequate protection by his right to petition the appellate courts for a prerogative writ so as to obtain discretionary review prior to retrial. G.S. 1-277; G.S. 7A-27.

    Judge JOHNSON dissenting.

APPEAL by defendant from *Brannon, Judge.* Order entered 20 June 1983 in Superior Court, WAKE County. Heard in the Court of Appeals 6 February 1984.

On 13 April 1981, defendant was charged in a proper bill of indictment with the murder of David Lee Height. Defendant's first trial, which commenced on 18 April 1983, was declared a mistrial by the presiding judge, the Honorable Samuel E. Britt, who believed the jury was deadlocked. Defendant filed objections

and exceptions to the order declaring a mistrial, moved to dismiss the indictment against him on double jeopardy grounds, and petitioned the court for a writ of habeas corpus to release him from custody. Both the motion to dismiss and the petition for a writ of habeas corpus were denied.

Subsequently, defendant petitioned the Supreme Court for writs of supersedeas, mandamus, and habeas corpus based on his double jeopardy claim. The Supreme Court issued an order on 3 May 1983 vacating Judge Britt's mistrial order and remanding the case to the Wake County Superior Court for a *de novo* plenary hearing to be conducted before a judge other than Judge Britt. The Honorable James H. Pou Bailey presided over the *de novo* hearing, and after hearing the evidence and arguments of counsel, denied defendant's petition for a writ of habeas corpus. Defendant again petitioned the Supreme Court for writs of supersedeas and certiorari arguing that his retrial was barred by double jeopardy principles, but both petitions were denied. Defendant filed a similar motion and petition in the United States District Court for the Eastern District of North Carolina but did not succeed in blocking his retrial.

Defendant's second trial commenced before the Honorable Anthony M. Brannon on 20 June 1983. Prior to the start of the trial, defendant moved to dismiss the indictment on the grounds that his retrial was barred by the Double Jeopardy Clause of the United States Constitution and the Law of the Land Clause of the North Carolina Constitution. Judge Brannon denied the motion to dismiss and defendant gave immediate notice of appeal. Judge Brannon refused to stay the trial proceedings pending the outcome of the appeal, and the second trial began. That same day, defendant filed petitions in this Court for writs of supersedeas and prohibition to block the trial which were denied. The second trial ended in a mistrial on 22 June 1983. At his third trial, defendant was convicted of second degree murder and sentenced to a term of imprisonment.

The present appeal relates to the denial of defendant's motion to dismiss the indictment on 20 June 1983 prior to his second trial. Defendant has separately appealed from the judgment entered at his third trial.

*Attorney General Edmisten, by Assistant Attorney General Thomas F. Moffitt, for the State.*

*DeMent, Askew and Gaskins, by Johnny S. Gaskins, for defendant appellant.*

WEBB, Judge.

The only question presented by this appeal is whether defendant has a right to appeal the denial of his motion to dismiss the indictment on double jeopardy grounds prior to being put to trial a second time. We hold that he does not have such a right.

Defendant, citing *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed. 2d 651 (1977), contends that as a matter of constitutional law, an appeal from the denial of a motion based on double jeopardy must be litigated to completion before a second trial may begin. In *Abney,* the Supreme Court addressed the narrow issue of "whether a pretrial order denying a motion to dismiss an indictment on double jeopardy grounds is a final decision within the meaning of 28 U.S.C. § 1291, and thus immediately appealable." *Id.* at 653, 97 S.Ct. at 2037, 52 L.Ed. 2d at 655-56. The Supreme Court held that such orders are "final decisions" within the meaning of § 1291 and thus are immediately appealable. The Court in *Abney* was concerned only with interpreting a federal appellate jurisdiction statute and did not address the question of whether there is a *constitutional* right to appeal a pretrial order denying a motion based on double jeopardy prior to retrial. For this reason, only federal courts are bound by *Abney.*

The Supreme Court explicitly recognized in *Abney* that there is no constitutional right to an appeal and stated further "[t]he right of appeal, as we presently know it in criminal cases, is purely a creature of statute; in order to exercise that statutory right of appeal one must come within the terms of the applicable statute. . . ." *Id.* at 656, 97 S.Ct. at 2038-39, 52 L.Ed. 2d at 658. The applicable statutes in this case are G.S. 7A-27 and G.S. 1-277. G.S. 1-277 and 7A-27, taken together, provide that no appeal lies to an appellate court from an interlocutory order unless such order deprives the appellant of a substantial right which he would lose if the order is not reviewed before final judgment. *Blackwelder v. Dept. of Human Resources,* 60 N.C. App. 331, 299 S.E. 2d 777

(1983); *Consumers Power v. Power Co.*, 285 N.C. 434, 206 S.E. 2d 178 (1974), *reh'g denied*, 286 N.C. 547 (1974).

It is without dispute that the pretrial order in the present case is interlocutory but defendant contends it is immediately appealable because it affects a substantial right. Our courts have defined a substantial right as one which will clearly be lost or irremediably adversely affected if the order is not reviewed before final judgment, *Blackwelder v. Dept. of Human Resources, supra* at 335, 299 S.E. 2d at 780, and have interpreted the term narrowly. *See Blackwelder, supra* at 334 and the cases cited therein. Our courts have previously held that the avoidance of a rehearing or trial is not considered to be such a substantial right. *See Tridyn Industries, Inc. v. Insurance Co.*, 296 N.C. 486, 251 S.E. 2d 443 (1979) and *Waters v. Qualified Personnel, Inc.*, 294 N.C. 200, 240 S.E. 2d 338 (1978). Nor is there a right of immediate appeal from the refusal of a motion to dismiss because such refusal generally will not seriously impair any right of the defendant that cannot be corrected upon appeal from the final judgment. *See Consumers Power v. Power Co., supra.*

We do not agree that the interlocutory order here deprives the defendant of a substantial right which he would lose if the order is not reviewed prior to final judgment. Rather, we believe defendant is given adequate protection by his right to petition the appellate courts for a prerogative writ so as to obtain discretionary review prior to retrial. Defendant sought such discretionary review in the Supreme Court and the Court of Appeals but both Courts refused to exercise their discretion to review his claim. We believe defendant received all of the interlocutory review of his double jeopardy claim to which he was entitled. We hold that defendant's appeal from the court's order denying his motion to dismiss is premature and must be dismissed.

Appeal dismissed.

Chief Judge VAUGHN concurs.

Judge JOHNSON dissents.

Judge JOHNSON dissenting.

I respectfully dissent from the majority's holdings (1) that defendant has no immediate right to appeal, and (2) that no substantial right is affected by the denial of his motion to dismiss on the grounds of former jeopardy.

The "sacred principle of common law" that no person can twice be put in jeopardy for the same offense is a right guaranteed to criminal defendants both by the Constitution of North Carolina, *State v. Battle*, 279 N.C. 484, 183 S.E. 2d 641 (1971), and by the United States Constitution. *Benton v. Maryland*, 395 U.S. 784, 23 L.Ed. 2d 707, 89 S.Ct. 2056 (1969).

The guarantee against double jeopardy not only protects a person against twice being *convicted*, but also against twice being *put to trial* for the same offense. *Price v. Georgia*, 398 U.S. 323, 26 L.Ed. 2d 300, 90 S.Ct. 1757 (1970). This focus on the *risk* of conviction "assures an individual that, among other things, he will not be forced, with certain exceptions, to endure the personal strain, public embarrassment, and expense of a criminal trial more than once for the same offense. *It thus protects interests wholly unrelated to the propriety of any subsequent conviction.*" *Abney v. United States*, 431 U.S. 651, 661, 52 L.Ed. 2d 651, 661, 97 S.Ct. 2034, 2041 (1977) (emphasis supplied); *see also Green v. United States*, 355 U.S. 184, 2 L.Ed. 2d 199, 78 S.Ct. 221 (1957).

> Obviously, these aspects of the guarantee's protections would be lost if the accused were forced to "run the gauntlet" a second time before an appeal could be taken; even if the accused is acquitted, or, if convicted, has his conviction ultimately reversed on double jeopardy grounds, he still has been forced to endure a trial that the Double Jeopardy Clause was designed to prohibit. Consequently, if a criminal defendant is to avoid *exposure* to double jeopardy and thereby enjoy the full protection of the clause, his double jeopardy challenge to the indictment must be reviewable before that subsequent exposure occurs. (Emphasis original) (footnote omitted).

*Abney, supra* at 662, 52 L.Ed. 2d at 661-662, 97 S.Ct. at 2041. Therefore, the Supreme Court held that defendants had a right of immediate appeal from an order denying their motion to dismiss for former jeopardy.

The majority correctly points out that the "right of appeal" as defined in *Abney* is entirely statutory, and that the statute considered in *Abney* was the federal, not the North Carolina, jurisdictional statute. However, North Carolina also provides a statutory right of direct appeal, G.S. 7A-27, and there is no difference, other than the terminology used, between a "final decision" under the federal statute, 28 U.S.C. § 1291, and a "final judgment" under G.S. 7A-27(b). The constitutional principles of *Abney* are, in my opinion, therefore, equally applicable to North Carolina law.

By requiring defendant to wait the outcome of the second trial to obtain full appellate review, this Court focuses improperly on the State's securing of the subsequent conviction. Defendant first must "run the gauntlet" again to raise the question of the correctness of the order denying his motion to dismiss. Regardless of the *outcome* of the second trial, defendant has been *subjected to the trial itself*; an important right protected by a meritorious double jeopardy defense is thus irretrievably lost. The holding in the companion case that defendant must be discharged because his claim is in fact meritorious cannot remedy this loss. *See State v. Andrew Lynn Jones*, 67 N.C. App. 377, 313 S.E. 2d 808 (1984).

Furthermore, the majority holds that being subjected to a rehearing or retrial does not "affect a substantial right," when the very right "affected" is *the right not to be subjected to a rehearing or retrial*, a right guaranteed by our constitutions. They rely only on civil cases for this Kafkaesque proposition. In *Oestreicher v. Stores*, 290 N.C. 118, 225 S.E. 2d 797 (1976), it was held that the *possibility* of a second trial on a contract damages claim involved a "substantial right." It strains credulity and ignores fundamental constitutional guarantees to imply, as the majority does, that the *virtual certainty* of a second trial on charges of first degree murder involves a *less substantial* right.

The majority also holds that the availability of the prerogative writs provides sufficient opportunity for review. *See* G.S. 7A-32. The appellate files in this very case clearly demonstrate the fallacy of this argument. Nothing in them indicates that the appellate courts considered the merits of defendant's various petitions, despite clear evidence of patently arbitrary judicial action.

See Supreme Court File No. 221P83, Court of Appeals File Nos. 83SC426PS and 83SC427P.

Statutorily created finality requirements should, if possible, be construed so as not to cause crucial collateral claims, such as meritorious former jeopardy claims, to be lost, and potentially irreparable injuries to be suffered. *Mathews v. Eldridge*, 424 U.S. 319, 331 n. 11, 47 L.Ed. 2d 18, 31 n. 11, 96 S.Ct. 893, 901 n. 11 (1976). Therefore, I would hold that an order denying a motion to dismiss for former jeopardy is a "final judgment" within the meaning of G.S. 7A-27(b) and immediately appealable.

The prosecutor in this case, as in *Abney, supra*, raised the specter of dilatory appeals as a justification for strict construction of the rule against interlocutory appeals. As noted in *Abney*, however, it is well within the supervisory power of the appellate division to establish summary procedures and calendars to weed out frivolous appeals and ensure that non-frivolous appeals are expedited and limited solely to the issue of former jeopardy. *Id.* at 662 n. 8, 52 L.Ed. 2d at 662 n. 8, 97 S.Ct. at 2042 n. 8; *see* N.C. Const. Art. IV, § 13(2); G.S. 7A-33.

Finally, it should be noted that interlocutory orders in criminal cases have been held appealable in at least one case as a matter of North Carolina law. *State v. Bryant*, 280 N.C. 407, 185 S.E. 2d 854 (1972).