BOBBIE MATTHEWS ASAD v. MAJDI SHAKIR ASAD

No. 8410DC285

(Filed 18 December 1984)

**Appeal and Error § 6.2— order for blood tests—no immediate appeal**
   Where a divorce judgment found that one child was born of the marriage and plaintiff thereafter made a motion for custody and support of the child, the trial court's interlocutory order requiring the parties and the child to submit to blood tests did not affect a substantial right and was not immediately appealable even though plaintiff contended that the paternity issue was *res judicata.*

APPEAL by plaintiff from *Creech, Judge.* Order entered 5 December 1983 in District Court, WAKE County. Heard in the Court of Appeals 27 November 1984.

The plaintiff filed this action for divorce in Harnett County. On 14 June 1983, Judge Pridgen entered a judgment granting an absolute divorce. Included in Judge Pridgen's findings of fact was the finding that one child, Magda Hadassah Asad, was born of the marriage. The case was transferred to Wake County where on 5 August 1983 the plaintiff made a motion for custody and child support. The defendant responded to this motion by denying paternity and asking the court to order the parties and the minor child to submit to blood tests. Judge Creech granted the defendant's motion. The plaintiff appealed.

*Victoria Bender for plaintiff appellant.*

*Blanchard, Tucker, Twiggs, Earls and Abrams, P.A., by Howard F. Twiggs for defendant appellee.*

WEBB, Judge.

Neither party has raised the question of the appealability of the order. When a party has no right to an appeal this Court on its own motion should dismiss the appeal. *Metcalf v. Palmer,* 46 N.C. App. 622, 265 S.E. 2d 484 (1980). The order by Judge Creech does not dispose of the case. Further action will be required to determine the entire controversy which makes Judge Creech's order interlocutory. We do not believe this order affects a substantial right of the plaintiff so that any injury to her may not

be corrected if she is not allowed to appeal before there is a final judgment. See *Industries v. Insurance Co.*, 296 N.C. 486, 251 S.E. 2d 443 (1979).

The plaintiff contends the paternity issue is res judicata and any further litigation as to it is barred. If she is correct the most the plaintiff will suffer is a trial on that issue. We have held that the requirement that a party go through a trial is not an injury which cannot be corrected if an appeal is not allowed before a final judgment. *State v. Jones*, 67 N.C. App. 413, 313 S.E. 2d 264 (1984).

For the reasons stated in this opinion we dismiss the appeal.

Appeal dismissed.

Judges HEDRICK and HILL concur.