IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-149

 Filed: 15 October 2019

Watauga County, No. 17 CRS 51149

STATE OF NORTH CAROLINA

 v.

LUIS ALBERTO RESENDIZ-MERLOS

 Appeal by Defendant from Order entered 21 August 2018 by Judge Gary

Gavenus in Watauga County Superior Court. Heard in the Court of Appeals 5 June

2019.

 Attorney General Joshua H. Stein, by Assistant Attorney General Joseph L.
 Hyde, for the State.

 Reeves DiVenere Wright, by John B. “Jak” Reeves and Anné C. Wright, for
 defendant-appellant.

 HAMPSON, Judge.

 Factual and Procedural Background

 Luis Alberto Resendiz-Merlos (Defendant) appeals from the trial court’s Order

on Defendant’s Motion to Dismiss (Motion to Dismiss Order). The Record tends to

show the following:

 On 27 November 2017, Defendant was indicted on one count of Indecent

Liberties with a Child. The Indictment alleged Defendant took indecent liberties with

Y.B.G., who was a minor at the time of the alleged incident. M.G. is the mother of
 STATE V. RESENDIZ-MERLOS

 Opinion of the Court

Y.B.G. and her sister A.B.G.,1 who allegedly witnessed the incident leading to

Defendant’s Indictment. Given their relationship with Defendant and his alleged

criminal conduct, the State intended to call M.G. and her two daughters as witnesses

at Defendant’s trial.

 Defendant’s case came on for trial before Judge Alan Z. Thornburg (Judge

Thornburg) on 22 May 2018. The same morning, Defendant was arraigned and

pleaded not guilty, and later that afternoon at approximately 3:00 p.m., the jury was

impaneled. After opening remarks from both the State and defense counsel, Judge

Thornburg released the jury for the day. Thereafter, the State requested a show-

cause order for M.G., explaining:

 [M.G.] was personally served with a subpoena to be here and
 appear herself, as well as bring her two minor children. And she
 was to be here at 2 p.m. today, did not show up. We’ve tried to
 call her multiple times, both her cell phone and her place of work.
 We were told she did not show up for work today.

 We have been in contact with the school who confirmed that
 the children were at school until around 12:30, I believe, but she
 checked them out then and there has been no further contact. The
 interpreter from the school also tried to contact her and there was
 no answer. I also do have some information from a deputy that
 went out to her house, and he said it appeared to him someone
 was home but no one would come to the door. So that is the
 information from him.

 1 Initials have been used to protect the privacy of the mother and her two daughters.

 -2-
 STATE V. RESENDIZ-MERLOS

 Opinion of the Court

Judge Thornburg then heard from defense counsel regarding the State’s motion for a

show-cause order. Defense counsel stated, “we’re here, ready to proceed. Based upon

conversations with the State I think it’s pretty readily apparent that the victim’s

mother does not wish to prosecute this case. My understanding, I don’t think any of

them do. We’d ask the matter be dismissed.” Judge Thornburg then issued an order

to show cause why M.G. should not be held in contempt of court and set a hearing for

9:30 a.m. the following morning.

 The next morning, on 23 May 2018, M.G. and her two children did not show up

to court. Judge Thornburg was informed that a sheriff had visited M.G.’s residence

the previous night and that morning but could not locate her. The State requested

the trial court issue an order for M.G.’s arrest, and arguing in response, defense

counsel apprised the trial court:

 Your Honor. If my client had not been here to start a trial
 yesterday an order for arrest would have been issued
 immediately. He was present. He is ready to proceed. We would
 oppose the case being held open any longer. The case was held
 open yesterday.

 On the record yesterday I asked that the matter be dismissed.
 Again, I will ask that it be dismissed. I do not think that it would
 be appropriate to grant a mistrial. If my client hadn’t shown I
 don’t [sic] the Court would have granted a mistrial for the defense.
 So, I would ask that the matter be dismissed and not held open.

Thereafter, Judge Thornburg issued an order for M.G.’s arrest and held the matter

open until 12:30 that afternoon.

 -3-
 STATE V. RESENDIZ-MERLOS

 Opinion of the Court

 When the case resumed that afternoon, M.G.’s whereabouts were still

unknown. The State moved for a mistrial under N.C. Gen. Stat. § 15A-1063(1), and

the trial court heard arguments from both parties regarding the motion. During its

argument, the State conceded it did not have sufficient evidence to assert that

Defendant in any way caused the witnesses’ absence. Rather, the State asserted

M.G., Y.B.G., and A.B.G. were necessary and essential witnesses and that their

absence had made it “impossible for the trial to proceed in conformity with law” under

Section 15A-1063(1), thereby requiring the trial court to grant a mistrial. In

response, defense counsel argued against granting a mistrial, citing applicable case

law and statutes. After hearing both sides’ arguments, Judge Thornburg found that

“all three [witnesses were] unavailable for trial due to no fault of the State or the

defendant” and that their absence “deprived the State it’s [sic] ability to present its

case and to meet its burden of proof.” Therefore, Judge Thornburg orally declared a

mistrial pursuant to Section 15A-1063(1).

 On 5 June 2018, Defendant filed a Motion to Dismiss arguing “that to be tried

on this matter again would violate his constitutional protections against double

jeopardy.” Defendant’s Motion to Dismiss came on for a hearing on 12 June 2018

before the trial court. After hearing arguments from both sides, the trial court took

the matter under advisement. On 13 June 2018, the trial court entered an Order

continuing the hearing on Defendant’s Motion to Dismiss until “the entry of any

 -4-
 STATE V. RESENDIZ-MERLOS

 Opinion of the Court

Order by Judge Thornburg granting a mistrial.” On 15 June 2018, Judge Thornburg

entered a written Order on State’s Motion for Mistrial (Mistrial Order) granting the

State’s motion for a mistrial.

 On 5 July 2018, Judge Gary Gavenus (Judge Gavenus) heard arguments

regarding Defendant’s Motion to Dismiss. Judge Gavenus denied Defendant’s Motion

to Dismiss in open court, and on 21 August 2018, Judge Gavenus entered his Motion

to Dismiss Order, which contained the following Findings of Fact and Conclusions of

Law:

 FINDINGS OF FACT

 1. That on August 17, 2017, the defendant was charged with
 Taking Indecent Liberties with a Child.

 2. That on May 22, 2018, the defendant entered a plea of not
 guilty and a jury was subsequently impaneled.

 3. That on May 23, 2018, the State made an oral motion for a
 mistrial based on the fact that the alleged victim in this case,
 who is a minor child, her sister, who is also a minor child, and
 the children’s mother were not present in court, despite having
 been subpoenaed, and could not readily be located by law
 enforcement.

 4. That the Defendant objected to the motion on that date and
 presented argument as to why it should not be granted.

 5. That the Honorable Alan Z. Thornburg granted the State’s
 motion over Defendant’s objection and entered an Order
 declaring a mistrial and concluding as a matter of law that the
 unavailability of all three witnesses made it impossible for the
 trial to proceed in conformity with the law.

 -5-
 STATE V. RESENDIZ-MERLOS

 Opinion of the Court

 CONCLUSIONS OF LAW
 ....

 2. That in order to grant Defendant’s Motion, the Court would
 have to make a finding that Judge Thornburg’s Order for
 Mistrial was inappropriate;

 3. That this Court is not an appellate one and thus, cannot
 overrule another Superior Court judge’s Order[.]

Based on these Findings and Conclusions, Judge Gavenus denied Defendant’s Motion

to Dismiss.

 On 26 September 2018, Defendant filed with this Court a Petition for Writ of

Certiorari, Petition for Writ of Supersedeas, and Motion for Temporary Stay Pending

Decision (Certiorari Petition). In his Certiorari Petition, Defendant requested this

Court issue a “writ of certiorari to the Superior Court of Watauga County to permit

review of Judge Gavenus’ order denying Defendant’s Motion to Dismiss, and Judge

Thornburg’s Order declaring a mistrial.” By Order on 5 October 2018, our Court

granted Defendant’s Certiorari Petition “for the purpose of reviewing the order

entered 21 August 2018 by Judge Gary Gavenus.”

 Issue

 The dispositive issue on appeal is whether Judge Gavenus erred in denying

Defendant’s Motion to Dismiss on the grounds that double jeopardy barred

Defendant’s second trial.

 Standard of Review

 -6-
 STATE V. RESENDIZ-MERLOS

 Opinion of the Court

 We review double jeopardy issues de novo. State v. Sparks, 362 N.C. 181, 186,

657 S.E.2d 655, 658 (2008); see State v. Newman, 186 N.C. App. 382, 386, 651 S.E.2d

584, 587 (2007) (“The standard of review for [double jeopardy issues] is de novo, as

the trial court made a legal conclusion regarding the defendant’s exposure to double

jeopardy.” (citation omitted)). “Under a de novo review, the court considers the

matter anew and freely substitutes its own judgment for that of the lower tribunal.”

State v. Williams, 362 N.C. 628, 632-33, 669 S.E.2d 290, 294 (2008) (citation and

quotation marks omitted).

 Analysis

 I. Preservation Issues

 As a threshold matter, the State asserts our review in this case is limited for

two reasons. First, the State contends that because our Order granting Defendant’s

Certiorari Petition only granted review of Judge Gavenus’s Motion to Dismiss Order,

we cannot address whether Judge Thornburg erred by entering his Mistrial Order.

However, as our Supreme Court has made clear, “where the order of mistrial has been

improperly entered over a defendant’s objection, defendant’s motion for dismissal at

a subsequent trial on the same charges must be granted.” State v. Odom, 316 N.C.

306, 310, 341 S.E.2d 332, 334 (1986) (emphasis added) (citations omitted). It

necessarily follows that in order to determine whether Judge Gavenus erred by failing

to grant Defendant’s Motion to Dismiss, we must consider whether Judge

 -7-
 STATE V. RESENDIZ-MERLOS

 Opinion of the Court

Thornburg’s “order of mistrial [was] improperly entered over [Defendant’s]

objection[.]” Id. (citations omitted).

 We also find support for this position in this Court’s decision in State v.

Schalow, 251 N.C. App. 334, 795 S.E.2d 567 (2016), disc. rev. improvidently allowed,

370 N.C. 525, 809 S.E.2d 579 (2018). In Schalow, the defendant was charged and

indicted for attempted murder. Id. at 336, 795 S.E.2d at 570. After the jury was

impaneled, the trial judge alerted the parties to the fact that the indictment was

potentially fatal. Id. at 337, 795 S.E.2d at 570. Thereafter, the State requested the

trial court dismiss the indictment as defective, and the defendant objected. Id. The

trial court then dismissed the indictment and declared a mistrial. Id. Prior to the

defendant’s second trial, the defendant filed a motion to dismiss arguing his

prosecution was barred by his right to be free from double jeopardy, which motion the

trial court denied. Id. at 337-38, 795 S.E.2d at 570.

 The defendant in Schalow then petitioned this Court for a writ of certiorari,

“request[ing] this Court to stay and reverse [the second trial court’s] orders denying

Defendant’s motion to dismiss and habeas relief.” Id. at 338, 795 S.E.2d at 571.

Although our Court erroneously denied the defendant’s petition, after the defendant’s

conviction at his second trial, the defendant appealed, and our Court reviewed the

first trial court’s mistrial order to determine whether the second trial court erred by

denying the defendant’s motion to dismiss based on double jeopardy grounds. Id. at

 -8-
 STATE V. RESENDIZ-MERLOS

 Opinion of the Court

339-43, 795 S.E.2d at 571-74. Thus, even though the defendant only petitioned our

Court to review the order denying his motion to dismiss, our review after his second

trial encompassed both this order and the first trial court’s mistrial order. Id.

Therefore, in the case sub judice, our review of Judge Gavenus’s Motion to Dismiss

Order necessarily entails a review of whether Judge Thornburg’s Mistrial Order was

erroneously entered. See id.; see also Odom, 316 N.C. at 310, 341 S.E.2d at 334.

 The State further argues our review is limited in this case because Defendant

failed to preserve his double jeopardy claim by not objecting to Judge Thornburg’s

declaration of a mistrial. According to the State, Defendant was required to state “I

object” in order to preserve his double jeopardy argument for appellate review.

 In support of this argument, the State cites State v. Lachat, 317 N.C. 73, 343

S.E.2d 872 (1986). Our Supreme Court in Lachat held that in “a noncapital case, . . .

a defendant is not entitled by reason of former jeopardy to dismissal of the charge

against him, where he failed to object to the trial court’s termination of his first trial

by a declaration of mistrial.” Id. at 85, 343 S.E.2d at 878 (citation omitted). Our

Supreme Court’s pronouncement in Lachat is in accord with the general rule that “a

constitutional question which is not raised and passed upon in the trial court will not

ordinarily be considered on appeal.” State v. Hunter, 305 N.C. 106, 112, 286 S.E.2d

535, 539 (1982) (citations omitted). “In order to preserve a question for appellate

review, a party must have presented the trial court with a timely request, objection

 -9-
 STATE V. RESENDIZ-MERLOS

 Opinion of the Court

or motion, stating the specific grounds for the ruling sought if the specific grounds

are not apparent.” State v. Eason, 328 N.C. 409, 420, 402 S.E.2d 809, 814 (1991)

(emphasis added) (citation omitted).

 Here, when the State requested a show-cause order on 22 May 2018, Defendant

asked the trial court to dismiss the case. The next day, the State asked the trial court

for an order for M.G.’s arrest, and Defendant again objected, stating: “We would

oppose the case being held open any longer. . . . Again, I will ask that it be dismissed.

I do not think that it would be appropriate to grant a mistrial. . . . So, I would ask

that the matter be dismissed and not held open.” Later that afternoon, the State

moved for a mistrial, and Defendant argued against granting a mistrial and cited two

cases in support of his argument that there is not “enough [evidence] for the Court to

make the finding that there is a manifest necessity for a mistrial in this case.”

Although Defendant never formally recited the word “objection” or noted any

“exception” to the trial court’s declaration of a mistrial, he did “present[] the trial

court with a timely request” to deny the State’s motion for a mistrial, “stating the

specific grounds for the ruling sought[.]” Id. (citation omitted). Moreover, Judge

Thornburg clearly understood these arguments and defense counsel’s request and

ruled on those very issues in granting a mistrial. Therefore, Defendant properly

 - 10 -
 STATE V. RESENDIZ-MERLOS

 Opinion of the Court

raised this issue before Judge Thornburg, which adequately preserved it for appeal.2

See N.C. Gen. Stat. § 15A-1446(a) (2017) (“No particular form is required in order to

preserve the right to assert the alleged error upon appeal if the motion or objection

clearly presented the alleged error to the trial court.”).

 In any event, the Lachat Court recognized the objection requirement was

limited to situations where a defendant is given notice and opportunity to object

before a mistrial is declared but fails to do so. However, the trial court’s declaration

of mistrial in Lachat was “entered on the trial court’s own motion and without prior

notice or warning to the defendant.” 317 N.C. at 86, 343 S.E.2d at 879. The Lachat

Court determined that “require[ing the defendant] to go through the formality of

objecting after a mistrial had already been declared or lose her protection against

double jeopardy would be a triumph of form over substance[,] . . . particularly [where]

the defendant properly raised the issue of former jeopardy before the commencement

of the second trial by filing her written motion to dismiss the charge against her[.]”

Id. at 86-87, 343 S.E.2d at 879. Thus, according to Lachat, “it was the trial court’s

denial of [the motion to dismiss at the second trial] which preserved this issue for

appeal.” Id. at 87, 343 S.E.2d at 879. Just as in Lachat, Defendant here properly

raised his former jeopardy defense before the second trial by filing his Motion to

 2 In his Motion to Dismiss Order, Judge Gavenus also expressly found “Defendant objected to
the motion on [23 May 2018]” and that Judge Thornburg “granted the State’s motion over Defendant’s
objection[.]”

 - 11 -
 STATE V. RESENDIZ-MERLOS

 Opinion of the Court

Dismiss on double jeopardy grounds, and it was the trial court’s denial of this Motion

that preserved this issue for appeal. See id.

 II. Double Jeopardy

 Having determined the issues surrounding Defendant’s appeal are properly

before us, we now turn to whether Judge Gavenus erred by denying Defendant’s

Motion to Dismiss. We acknowledge Judge Gavenus did not base his ruling on double

jeopardy principles, instead premising the decision on the principle that one superior

court judge may not overrule another. However, this line of reasoning runs contrary

to our Supreme Court’s edict in Odom—“where the order of mistrial has been

improperly entered over a defendant’s objection, defendant’s motion for dismissal at

a subsequent trial on the same charges must be granted.” 316 N.C. at 310, 341 S.E.2d

at 334 (citations omitted). Therefore, the question for this Court becomes whether

Defendant’s right to be free from double jeopardy precludes his second trial, thereby

requiring the trial court to grant his Motion to Dismiss.

 “It is a fundamental principle of the common law, guaranteed by our Federal

and State Constitutions, that no person may be twice put in jeopardy of life or limb

for the same offense.” State v. Shuler, 293 N.C. 34, 42, 235 S.E.2d 226, 231 (1977)

(citations omitted); see U.S. Const. amend. V; N.C. Const. art. I, § 19. Under the

Double Jeopardy Clause of the Fifth Amendment, “once a defendant is placed in

jeopardy for an offense, and jeopardy terminates with respect to that offense, the

 - 12 -
 STATE V. RESENDIZ-MERLOS

 Opinion of the Court

defendant may [not] be tried . . . a second time for the same offense.” Sattazahn v.

Pennsylvania, 537 U.S. 101, 106, 154 L. Ed. 2d 588, 595 (2003) (citation omitted). “In

a criminal prosecution, jeopardy attaches when a jury is impaneled to try a defendant

on a valid bill of indictment.” Schalow, 251 N.C. App. at 343, 795 S.E.2d at 574

(citations omitted).

 Ordinarily, “an order of mistrial in a criminal case will not support a plea of

former jeopardy.” State v. Battle, 279 N.C. 484, 486, 183 S.E.2d 641, 643 (1971)

(citation omitted). However, “where the order of mistrial has been improperly entered

over a defendant’s objection, defendant’s motion for dismissal at a subsequent trial

on the same charges must be granted.” Odom, 316 N.C. at 310, 341 S.E.2d at 334

(citations omitted). “There must be a showing of ‘manifest necessity’ for an order of

mistrial over defendant’s objection to be proper.” Id. (citation omitted); see State v.

Chriscoe, 87 N.C. App. 404, 407-08, 360 S.E.2d 812, 814 (1987) (analyzing a trial

court’s declaration of mistrial under N.C. Gen. Stat. § 15A-1063(1)—which allows a

trial court to declare a mistrial “if it is impossible for the trial to proceed in conformity

with the law”—according to our “manifest necessity” principles). “Although this

requirement does not describe a standard that can be applied mechanically, it does

establish that the prosecutor’s burden is a heavy one.” Chriscoe, 87 N.C. App. at 407,

360 S.E.2d at 814 (alteration, citation, and quotation marks omitted); see State v.

Cooley, 47 N.C. App. 376, 384, 268 S.E.2d 87, 92 (1980) (“[W]hen the prosecution seeks

 - 13 -
 STATE V. RESENDIZ-MERLOS

 Opinion of the Court

a mistrial, it has the burden of showing a high degree of necessity[.]” (citation

omitted)).

 “Our courts have set forth two types of manifest necessity: physical necessity

and the necessity of doing justice.” Schalow, 251 N.C. App. at 348, 795 S.E.2d at 576

(citation omitted). “For example, physical necessity occurs in situations where a juror

suddenly takes ill in such a manner that wholly disqualifies him from proceeding

with the trial.” Id. (citation omitted). “Whereas the necessity of doing justice arises

from the duty of the [trial] court to guard the administration of justice from

fraudulent practices and includes the occurrence of some incident of a nature that

would render impossible a fair and impartial trial under the law.” Id. at 348, 795

S.E.2d at 576-77 (citation and quotation marks omitted); see Chriscoe, 87 N.C. App.

at 408, 360 S.E.2d at 814 (listing examples of manifest necessity under N.C. Gen.

Stat. § 15A-1063(1), such as “some incapacity of either a member of the court, a juror

or an attorney, or evidence of jury tampering” (citations omitted)). Further, as the

United States Supreme Court has recognized, when, as here, “the basis for the

mistrial is the unavailability of critical prosecution evidence,” we must apply “the

strictest scrutiny” to the question of manifest necessity. Arizona v. Washington, 434

U.S. 497, 508, 54 L. Ed. 2d 717, 730 (1978).

 In Chriscoe, the defendant was accused of engaging in sexual relations with

his stepdaughter, who was then a minor, and his first trial ended in a mistrial after

 - 14 -
 STATE V. RESENDIZ-MERLOS

 Opinion of the Court

the trial court concluded manifest necessity existed. 87 N.C. App. at 405-07, 360

S.E.2d at 812-13. During the first trial, the State called the alleged victim to testify,

and “[a]fter giving her name and answering several general questions, she refused to

respond to further questioning by the prosecutor or the trial judge.” Id. at 405, 360

S.E.2d at 812. The State moved for a mistrial, which the defendant objected to, and

the trial court found that manifest necessity existed for granting a mistrial. Id. at

405-07, 360 S.E.2d at 812-13. At his second trial, the defendant filed a motion to

dismiss for former jeopardy, which the trial court denied. Id. at 407, 360 S.E.2d at

813. Thereafter, the defendant was convicted of second-degree sexual offense and

appealed to this Court. Id.

 On appeal, the defendant argued the trial court erred by denying his motion to

dismiss for former jeopardy because there was no showing of manifest necessity. Our

Court agreed, reasoning:

 We recognize that the prosecutor was placed in a difficult
 position when his key witness suddenly refused to cooperate.
 However, the record here is devoid of any evidence of misconduct.
 There is no testimony from anyone to suggest that the witness
 was influenced improperly. The Court’s power to declare a
 mistrial must be exercised with caution and only after careful
 consideration of all available evidence and only after making the
 requisite findings of fact on the basis of evidence before the Court
 at the time judicial inquiring is made. The record here contains
 innuendo and suspicion only. Although the court followed the
 mandate to make findings, there is no evidence on which those
 findings could be based.

 - 15 -
 STATE V. RESENDIZ-MERLOS

 Opinion of the Court

Id. at 408, 360 S.E.2d at 814 (citation and quotation marks omitted). Therefore, this

Court reversed the trial court’s order denying the defendant’s motion to dismiss and

held: “When a mistrial is improperly ordered over defendant’s objection, a plea of

former jeopardy must be granted.” Id. (citation omitted).

 As in Chriscoe, the State in the present case “was placed in a difficult position

when [its] key witness[es] suddenly refused to cooperate. However, the record here

is devoid of any evidence of misconduct.” Id. Specifically, the State conceded it did

not have sufficient evidence to assert that Defendant in any way caused the witnesses

not to appear. Therefore, without any evidence that Defendant instigated the

witnesses’ absence, no manifest necessity existed, and the trial court erred by denying

Defendant’s Motion to Dismiss. See id.

 We also find support for this conclusion from the case of Downum v. United

States. 372 U.S. 734, 10 L. Ed. 2d 100 (1963). The Downum Court explained that the

focus of a double jeopardy inquiry is on the State’s knowledge at the time the jury is

impaneled. Specifically, the Court highlighted that when the State impanels a jury

“without first ascertaining” that its witnesses are present, the State “t[akes] a

chance.” Id. at 737, 10 L. Ed. 2d at 103 (citation and quotation marks omitted).

Under these circumstances, according to the Court, the State has “entered upon the

trial of the case without sufficient evidence to convict[,]” thereby assuming the risk

of jeopardy attaching and barring a later prosecution. Id. (citation and quotation

 - 16 -
 STATE V. RESENDIZ-MERLOS

 Opinion of the Court

marks omitted). The Court also noted that in analyzing these types of cases, “[w]e

resolve any doubt in favor of the liberty of the citizen, rather than exercise what would

be an unlimited, uncertain, and arbitrary judicial discretion.” Id. at 738, 10 L. Ed.

2d at 104 (citation and quotation marks omitted).

 Applying Downum to the case sub judice, it is clear the State took a chance by

impaneling the jury “without first ascertaining” that its witnesses, M.G. and her two

children, were present and available to testify. The Record shows the State had

subpoenaed all three witnesses prior to the trial commencing on 22 May 2018. At

approximately 3:00 p.m. on that day, the jury was impaneled. However, after

releasing the jury for the day, the State explained M.G. “was to be here at 2 p.m.

today, did not show up. We’ve tried to call her multiple times, both her cell phone

and her place of work.” The State also notified Judge Thornburg that it had contacted

the children’s school and sent a deputy to M.G.’s house but could not locate her. The

State’s explanation illustrates it knew that its key witnesses were not present, yet

the State proceeded to impanel the jury anyway, thereby assuming the risk of

Defendant’s later plea of double jeopardy. See id. at 737-38, 10 L. Ed. 2d at 103-04

(citations omitted); see also Washington, 434 U.S. at 508 n.24, 54 L. Ed. 2d at 730

n.24 (“If . . . a prosecutor proceeds to trial aware that key witnesses are not available

to give testimony and a mistrial is later granted for that reason, a second prosecution

is barred.” (citation omitted)).

 - 17 -
 STATE V. RESENDIZ-MERLOS

 Opinion of the Court

 Thus, applying the “strictest scrutiny” as required by the United States

Supreme Court, we conclude no manifest necessity existed and the trial court erred

by denying Defendant’s Motion to Dismiss. See Washington, 434 U.S. at 508, 54 L.

Ed. 2d at 730; see also Chriscoe, 87 N.C. App. at 407, 360 S.E.2d at 814 (declaring

that in establishing manifest necessity, “the prosecutor’s burden is a heavy one”

(citation and quotation marks omitted)). Therefore, we must reverse the Motion to

Dismiss Order and remand to the trial court with instructions to grant Defendant’s

Motion to Dismiss.

 Conclusion

 For the foregoing reasons, we reverse the trial court’s Motion to Dismiss Order

and remand to the trial court with instructions to grant Defendant’s Motion to

Dismiss.

 REVERSED AND REMANDED.

 Judges DIETZ and BERGER concur.

 - 18 -