STATE OF NORTH CAROLINA v. TREVOR DALE GURGANUS AND LINDA STAPLES GURGANUS

No. 841SC184

(Filed 6 November 1984)

1. **Judgments § 2— denial of motion to dismiss for double jeopardy—order entered out of session**

   In an action for illegal alcohol sale and gambling violations, a superior court order finding no double jeopardy and remanding the case to district court was without authority and void where the hearing in superior court was conducted during the 15 August session of criminal superior court, the order was entered 11 October and filed with the Clerk's office on 20 October, and the record contains no stipulation allowing a ruling out of session.

**2. Courts § 7.1— district court denial of motion to dismiss for double jeopardy— appeal to superior court—scope of review**

Where a finding of no double jeopardy is appealed from district to superior court, the scope of review in superior court is a *de novo* evidentiary hearing on double jeopardy, and not a trial on the merits. G.S. 15A-1432; G.S. 15A-1445(a).

**3. Criminal Law § 148.1— right to immediate appeal of superior court ruling on motion to dismiss for double jeopardy**

Where a superior court finding of no double jeopardy was remanded to superior court for a *de novo* consideration of the issue, it was noted that a defendant has no right to appeal an interlocutory order denying his motion to dismiss for double jeopardy prior to being put on trial a second time. However, a judgment on double jeopardy adverse to the State would be a final judgment which could be immediately appealed. G.S. 15A-1431(b); G.S. 15A-1445.

Judge WEBB concurring.

APPEAL by defendant from *Phillips, Judge.* Order entered 11 October 1983, in Superior Court, PASQUOTANK County. Heard in the Court of Appeals 17 October 1984.

*Attorney General Rufus L. Edmisten by Assistant Attorney General David Roy Blackwell for the State.*

*Trimpi, Thompson & Nash by C. Everett Thompson for defendant appellants.*

BRASWELL, Judge.

The whole of this appeal concerns: (1) whether the Superior Court was without authority to sign its order in this matter out of session; (2) whether the Superior Court's review of a motion to dismiss for former jeopardy by the State from District Court is *de novo;* and (3) whether the defendants were placed in former jeopardy when they were recharged in District Court with crimes that the State had previously voluntarily dismissed in District Court. After a consideration of the following, we hold that the Superior Court order is a nullity and remand this cause to the Superior Court for a new hearing on the question of double jeopardy. Because the issue of the Superior Court's scope of review of the District Court order may recur on remand, we have chosen to briefly address it.

Trevor Gurganus was charged with two violations of illegal alcohol sale and two gambling law violations. Linda Gurganus was charged with one count of illegal alcohol sale. The defendants were summoned to District Court on 12 May 1983 to answer the charges.

As is the custom in District Court, the defendants were asked during the calendar call what they intended to plead. They answered, "not guilty." When their case was finally called to trial, the State entered a voluntary dismissal to all the charges against the Gurganuses.

The defendants were recharged with these crimes by identical criminal process and were summoned to District Court again on 21 July 1983. The defendants moved that these charges be dismissed on the grounds that the defendants had been twice placed in jeopardy for the same offenses. District Court Judge Richard Parker found facts and concluded as a matter of law that the defendants had been previously charged and arraigned for the same offenses and that since they had already been placed in jeopardy once, were now entitled to a dismissal of the charges.

The State appealed the dismissal to Superior Court. In a *de novo* hearing on the double jeopardy issue, Superior Court Judge Herbert O. Phillips, III, received evidence, found facts of his own, and concluded as a matter of law that jeopardy had not attached in this cause during the first District Court proceeding and remanded the case for a determination of these charges on the merits. From this order, the defendants have appealed to this Court.

[1] The present disposition of this case turns on whether the Superior Court Judge had authority to sign and enter its order dated 11 October 1983. According to *State v. Boone*, 310 N.C. 284, 287, 311 S.E. 2d 552, 555 (1984), "an order of the superior court, in a criminal case, must be entered during the term, during the session, in the county and in the judicial district where the hearing was held." Otherwise, such orders are null and void and of no legal effect. The hearing on the State's appeal was conducted during the 15 August 1983 Session of Pasquotank Criminal Superior Court. Judge Phillips' order was entered 11 October 1983 and filed with the Clerk's office on 20 October 1983. Thus, the order was entered out of session. The record contains no stipulation

allowing a ruling out of session and no indication that Judge Phillips ruled in open court. The State's brief concedes that *Boone* is controlling, and, in effect, concedes error. We hold therefore that Judge Phillips' order is void. We must remand this case to Superior Court for a new hearing. As a result, the parties are once again in the positions they found themselves after the State's appeal from the entry of Judge Parker's order.

[2]   Because this case has been remanded for a new determination in Superior Court, it is incumbent on this Court to clarify the scope of review the Superior Court must use. G.S. 15A-1432 states in pertinent part:

> (a) Unless the rule against double jeopardy prohibits further prosecution, the State may appeal from the district court judge to the superior court:

> (1) When there has been a decision or judgment dismissing criminal charges as to one or more counts.

> * * * *

> (b) When the State appeals pursuant to subsection (a) the appeal is by written motion specifying the basis of the appeal made within 10 days after the entry of the judgment in the district court. The motion must be filed with the clerk and a copy served upon the defendant.

> (c) The motion may be heard by any judge of superior court having authority for the trial of criminal cases in the district. The State and the defendant are entitled to file briefs and are entitled to adequate time for their preparation, consonant with the expeditious handling of the appeal.

> (d) If the superior court finds that a judgment, ruling, or order dismissing criminal charges in the district court was in error, it must reinstate the charges and remand the matter to district court for further proceedings.

The defendants argue that implicit in G.S. 15A-1432 is the concept that the Superior Court Judge, by reviewing the actions and the order of the District Court Judge, is acting as an appellate court. Because the statute requires the Superior Court Judge to take the lower court's order into account, the State's appeal in Superior Court, according to the defendants, is not *de novo*, meaning

that the Superior Court Judge is bound by the facts found by the District Court if supported by any competent evidence. A further basis for their belief is the fact that the language of G.S. 15A-1432(a) is identical to that found in G.S. 15A-1445(a), the statutory basis of appeals by the State from the Superior Court to the appellate division, and that G.S. 15A-1432(c) specifically provides that the State and the defendant are entitled to file briefs.

Nevertheless, District Criminal Courts are not courts of record. There would be no method for determining whether the findings of fact in the District Court order were supported by "any competent evidence," the applicable standard of the Superior Court if acting as an appellate court. Therefore, in many instances an evidentiary hearing may be the only method by which the Superior Court Judge can carry out the mandate of G.S. 15A-1432(d) and (e) and determine whether the District Court ruling was proper. Also, the "Official Commentary" to G.S. 15A-1432 states that "[t]his section creates a simplified motion practice for the State's appeal in such circumstances," which further indicates that the hearing in Superior Court must be an evidentiary one, and not merely a forum for oral argument even though opportunity to file briefs must be given before ruling. Even though the wording of G.S. 15A-1432(a) and 15A-1445(a) are identical, the reviewing role of the appellate courts and the Superior Court must differ because of the differing practice (i.e., no record and no opportunity for the settlement of that record from the District Court to the Superior Court) between the courts.

While we reject the notion that the scope of review of the Superior Court under G.S. 15A-1432 is that of an appellate court, we recognize that the appropriate review on the State's appeal is not *de novo* in the sense that it is provided to the defendant under G.S. 15A-1431. In the State's appeal under G.S. 15A-1432, the hearing in Superior Court is limited to a *de novo* review of the District Court's order dismissing criminal charges against a defendant or granting a motion for a new trial based on newly discovered evidence. In the case at hand, the State received, and was only entitled to hearing *de novo* on the issue of whether the second prosecution of the charges by the State was barred by double jeopardy. G.S. 15A-1432 does not provide the State with the opportunity for a trial *de novo* on the merits.

Having decided that the Superior Court order in this case is void, the issue of whether or not the defendants were placed in former jeopardy by the reinstitution of the charges against them is not properly before us. The record clearly indicates that the State properly followed the procedure for taking its appeal set out in G.S. 15A-1432(b). We therefore remand this case to the Superior Court for a new hearing on the single issue of double jeopardy wherein the next Superior Court Judge may make his own findings of fact as well as his conclusions of law after a *de novo* evidentiary hearing.

[3] We call to the parties' attention the case of *State v. Jones*, 67 N.C. App. 413, 313 S.E. 2d 264 (1984). While *Jones* is factually distinguishable in that all the proceedings in *Jones* were within one division of the General Court of Justice, the Superior Court, the precept of law that a defendant has no right to appeal an interlocutory order denying his motion to dismiss on the grounds of double jeopardy prior to being put on trial a second time remains fully applicable here. If on remand the Superior Court Judge fails to find double jeopardy, and remands for trial in District Court, the defendant must await his trial in District Court. If convicted in District Court, he would be entitled to appeal to Superior Court for a trial *de novo* under G.S. 15A-1431(b). If the State loses in Superior Court on remand from us, the State would have the right to appeal immediately under the provisions of G.S. 15A-1445. As to the State, an adverse judgment in Superior Court on double jeopardy would be an appeal from a final, not interlocutory, order or judgment depriving it of a substantial right which it would lose if not reviewed forthwith.

Vacated and remanded.

Judge EAGLES concurs.

Judge WEBB concurs in result.

Judge WEBB concurring.

I concur with the majority in returning the case to the Superior Court. I would do so, however, by dismissing the appeal with an order to the Superior Court to remand the case to District Court for trial. I believe that *State v. Jones*, 67 N.C. App.

413, 313 S.E. 2d 264 (1984) requires the appeal to be dismissed as interlocutory. I do not believe the distinction between *Jones* and this case relied on by the majority is sufficient to keep *Jones* from being a precedent for this case.