STATE OF NORTH CAROLINA v. ROGER WARD, JOEL SHIRLEY, &
TIMOTHY HARVELL, DEFENDANTS

No. COA96-1205

(Filed 5 August 1997)

1. Appeal and Error § 443 (NCI4th)— assignment of error inadequate—overbroad

An assignment of error was inadequate, but was addressed in the interest of justice, where it encompassed multitudinous areas of law and failed to apprise the Court of Appeals of the legal basis upon which it rested. N.C.R. App. P. 9(a)(1)(k) and 10(c)(1).

2. Appeal and Error § 281 (NCI4th)— appeal from district to superior court—no findings and conclusions in district court—not fatal—trial de novo in superior court

An order of the superior court was reversed and remanded for a *de novo* review and proper evidentiary hearing of the district court's decision dismissing the charges against defendants where criminal summones were issued alleging that defendants had engaged in an illegal pyramid scheme; defendants moved to dismiss or to remove the prosecutor, alleging prosecutorial misconduct; the charges were dismissed in district court; the State filed notices of appeal, which defendants moved to dismiss; the matter was heard in superior court, where the charges were reinstated and the matter remanded to district court; and defendants brought this appeal. The State's failure to request that the district court make findings of fact and conclusions of law in order to preserve the record on appeal is not fatal because the district court is not a court of record and the superior court's review is *de novo*. However, it is evident from the record that the superior court misapprehended the nature of its review on appeal and failed to hold the necessary hearing for *de novo* review.

3. Appeal and Error § 233 (NCI4th)— appeal by State from district to superior court—notice rather than motion—no prejudice

The State's notice of appeal to superior court from the dismissal in district court of criminal charges relating to a pyramid scheme was sufficient to vest the superior court with jurisdiction. Although defendants contended that the superior court was without jurisdiction because the State filed and served a notice of

appeal instead of the statutorily required motion, the State specified the legal basis upon which it sought review and copies were filed with the clerk of court and served upon defendants. Defendants can demonstrate and the Court of Appeals could discern no prejudice.

**4. Constitutional Law § 226 (NCI4th)— prosecutorial misconduct alleged—charges dismissed in district court— reinstated on appeal to superior court—no attachment of jeopardy**

State and federal prohibitions against double jeopardy were not violated where criminal summones were issued alleging that defendants had engaged in an illegal pyramid scheme; defendants moved to dismiss or to remove the prosecutor, alleging prosecutorial misconduct; the charges were dismissed in district court; and the state filed notices of appeal to superior court, where the charges were reinstated and the matter remanded to district court. The district court entertained pretrial motions to dismiss based upon prosecutorial misconduct and never accepted evidence for an adjudication of guilt. Jeopardy did not attach therein, and did not attach from prosecutorial misconduct because the prosecutor's conduct in this case cannot be said to have been intended to provoke a mistrial.

Appeal by defendants from orders entered 14 August 1996 by Judge Claude S. Sitton in Gaston County Superior Court. Heard in the Court of Appeals 3 June 1997.

*Attorney General Michael F. Easley, by Associate Attorney General Melanie L. Vtipil and Assistant Attorney General Gail E. Weis, for the State.*

*Harkey, Lambeth, Nystrom, Fiorella & Morrison, L.L.P., by Edward A. Fiorella, Jr., Dale S. Morrison, and Jeffrey S. Williams-Tracy, for defendants-appellants.*

TIMMONS-GOODSON, Judge.

On or about 1 March 1996 criminal summonses issued for defendants Roger Ward, Joel Shirley and Timothy Harvell (hereinafter collectively referred to as "defendants"), indicating that there was probable cause to believe that defendants "did unlawfully, willfully did [sic] promote and participate in a pyramid [scheme]." Defendants subsequently filed a "Motion to Dismiss, or in the alternative, Motion

to Remove Prosecutor/Motion to Suppress," wherein they argued that prosecutorial misconduct warranted dismissal of the charges against them, or alternatively, the appointment of an outside prosecutor to handle the matter. The motion further asserted that the court should suppress any evidence discovered during a settlement conference with the Attorney General's Office. Defendants' motion was subsequently heard by Judge Ralph C. Gingles, Jr., in Gaston County District Court on 5 June 1996, and by notation on defendants' criminal summonses, Judge Gingles dismissed the charges against each of the defendants.

On 14 June 1996, the State filed notices of appeal in each case against defendants, wherein the State alleged:

1. There are no written findings of fact that support the decision and Order of dismissal.

2. The reason, stated in open court, of pre-trial publicity and/or prosecutorial misconduct are not legally proper reasons for dismissal of criminal charges without a finding of fact, based upon evidence, that pre-trial publicity was so inflammatory and prejudicial that a fair trial is absolutely precluded, or that prosecutorial misconduct jeopardized the right of the defendant to a fair trial, when the Court made no attempt to use traditional means of protection of a defendant's right to a fair trial before dismissing the criminal charges.

Defendants filed a joint motion to dismiss the appeal on 2 August 1996. This matter came on for hearing before Judge Claude S. Sitton during the 2 August 1996 criminal session of Gaston County Superior Court. After hearing the arguments of counsel, Judge Sitton entered an order, on 14 August 1996, reinstating the criminal charges against each of the defendants and remanding the matter to the district court for further proceedings. Defendants appeal.

[1] At the outset, we note that defendants present but one assignment of error:

Defendants assign as error the Orders of Superior Court Judge Sitton, signed on August 2, 1996, and filed on August 16 [sic], 1996, sitting as an Appellate Court and in review of the June 5, 1996, Order of the District Court of Gaston County, North Carolina, which reinstated the charges against Defendants Ward, Shirley and Harvell, and remanded their cases to the District Court for further proceedings.

This assignment of error is woefully inadequate. Not only is the assignment of error overbroad, encompassing multitudinous areas of law, it also fails to apprise this Court of the legal basis(es) upon which this assignment of error rests. These inadequacies are in violation of Rules 9(a)(1k) and 10(c)(1) of the North Carolina Rules of Appellate Procedure, and as such, this assignment of error may be summarily overruled. *See* N.C.R. App. P. 9, 10; *State v. McCoy*, 303 N.C. 1, 277 S.E.2d 515 (1981). However, pursuant to Rule 2 of the Rules of Appellate Procedure, we, in the interest of justice, choose to address the merits of defendants' appeal.

**[2]** On appeal, defendants present the following arguments:

(1) The superior court erred in reinstating the criminal charges against defendants and remanding the cases to district court for further proceedings, since the State failed to preserve the record on appeal;

(2) The superior court did not find as a matter of law that the district court's orders dismissing the criminal charges against them was in error, and thus, did not have authority to reinstate the charges and remand the case to district court for further findings;

(3) The superior court ignored the State's assignments of error on appeal and based its orders on an issue not raised by either party;

(4) The State did not file a written motion as required by section 15A-1432(b) of the North Carolina General Statutes, and therefore, the superior court did not obtain jurisdiction and the orders of the court are void; and

(5) The rule against double jeopardy prohibited the superior court from hearing the State's appeal of the district court's order dismissing criminal charges against them.

For the reasons discussed herein, we find defendants' second argument meritorious. We, therefore, reverse the order of the superior court and remand this matter for *de novo* review and proper evidentiary hearing of the district court's decision dismissing the charges against defendants.

First, as to defendants' argument that the State's failure to preserve the record on appeal, i.e., request the district court to make

findings of fact and conclusions of law, we do not find favorably. Section 15A-1432 of the North Carolina General Statutes provides in pertinent part:

> (a) Unless the rule against double jeopardy prohibits further prosecution, the State may appeal from the district court judge to the superior court:
>
> > (1) When there has been a decision or judgment dismissing criminal charges as to one or more counts.

N.C. Gen. Stat. § 15A-1432 (1988). In *State v. Gurganus*, this Court provided guidance as to the scope of review by the superior court upon appeal from district court. 71 N.C. App. 95, 321 S.E.2d 923 (1984). In *Gurganus*, the defendants contended that in reviewing orders of dismissal pursuant to section 15A-1432 of the General Statutes, the superior court judge acts as an appellate court judge and, thus, was bound by the district court judge's findings of fact if they were supported by competent evidence. *Id.* at 98-99, 321 S.E.2d at 925. In response, this Court stated:

> District Criminal Courts are not courts of record. There would be no method for determining whether the findings of fact in the District Court order were supported by "any competent evidence," the applicable standard of the Superior Court if acting as an appellate court. Therefore, in many instances an evidentiary hearing may be the only method by which the Superior Court Judge can carry out the mandate of G.S. 15A-1432(d) and (e) and determine whether the District Court ruling was proper.

*Id.* at 99, 321 S.E.2d at 925-26. Because of the difference in practice between the appellate court and the superior court, their reviewing roles must also differ. *Id.* at 99, 321 S.E.2d at 926. Hence, on appeal to superior court, the hearing pursuant to section 15A-1432 "is limited to a *de novo* review of the District Court's order dismissing criminal charges against a defendant or granting a motion for a new trial based on newly discovered evidence." *Id.*

As the district court is not a court of record, and the superior court's review is *de novo*, the State's failure to request that the district court make findings of fact and conclusions of law in order to preserve the record on appeal is not fatal. Defendants' arguments to the contrary fail.

Defendants' second contention that the superior court lacked authority to reinstate the charges against them and remand the case to district court for further proceedings, is well taken. In the instant case, the superior court was presented with a *de novo* appeal of the district court's dismissal of the charges against each of the defendants. It is evident from the record that the superior court misapprehended the nature of that court's review on appeal; and failed to hold the necessary hearing for *de novo* review in this case. As such, the order reinstating the charges against each of the defendants and remanding this action to district court for further findings was error and must be reversed. Moreover, the matter must be remanded to the superior court with instructions that a *de novo* hearing be conducted, with an order affirming or reversing the district court's dismissal to be subsequently entered. In light of our decision on this issue, we need not address defendants' third argument on appeal.

[3] We do, however, address defendants' fourth argument on appeal, wherein defendants contend that since the State filed and served a document entitled "Notice of Appeal," instead of a "motion" as required by North Carolina General Statutes section 15A-1432(b), the superior court was without jurisdiction to hear the State's appeal to that court. We do not agree.

A party who assigns error on appeal, must also show prejudice in order to prevail. *State v. Billups*, 301 N.C. 607, 272 S.E.2d 842 (1981). Section 15A-1432(b) of the General Statutes provides in pertinent part,

> When the State appeals pursuant to subsection (a) the appeal is by written motion specifying the basis of the appeal made within 10 days after the entry of the judgment in the district court. The motion must be filed with the clerk and a copy served upon the defendant.

N.C.G.S. § 15A-1432(b).

In the case presently before us, the State filed written "Notice[s] of Appeal." Therein, the State specified the legal bases upon which it sought review, as required by section 15A-1432(b). Further, copies of the "Notice[s] of Appeal" were filed with the clerk of court and copies were served upon defendants. While defendants may encourage us to exalt form over substance, we will not do so. As the "Notice[s] of Appeal" properly gave notice to defendants of the grounds upon which the State's appeal was based, defendant can demonstrate and

STATE v. WARD

[127 N.C. App. 115 (1997)]

we discern no prejudice in the labeling of the document as a "Notice of Appeal" instead of a "motion." Hence, the State's "Notice[s] of Appeal" were sufficient to vest the superior court with jurisdiction to hear this matter.

[4] Finally, defendants argue that federal and state prohibitions against double jeopardy prevent the superior court from hearing the State's appeal in this case. In fact, defendants argue that section 15A-1432(a) of our General Statutes has some threshold prerequisite, which requires the State to show that the appeal was not prohibited by the rule against double jeopardy. Again, we cannot agree.

The Fifth Amendment to the United States Constitution guarantees the right of criminal defendants to be free from double jeopardy. U.S. Const. amend. V. It " 'protects against a second prosecution for the same offense after acquittal; . . . against a second prosecution for the same offense after conviction; . . . [and] against multiple punishments for the same offense.' " *State v. Oliver*, 343 N.C. 202, 205, 470 S.E.2d 16, 18 (1996). This right has been made applicable to the states through the Fourteenth Amendment. *State v. Perry*, 52 N.C. App. 48, 55, 278 S.E.2d 273, 279 (1981), *aff'd in part and modified in part on other grounds*, 305 N.C. 225, 287 S.E.2d 810 (1982). Moreover, the Law of the Land Clause provides similar protections under the North Carolina Constitution. *See* N.C. Const. art. I, § 19. It is well-settled that in non-jury trials, jeopardy does not attach until the court begins to hear evidence or testimony. *State v. Brunson*, 327 N.C. 244, 245, 393 S.E.2d 860, 861-62 (1990). This rule is premised upon the proposition that the potential for conviction exists when evidence or testimony against a defendant is presented to and accepted by the court. *Id.* at 250, 393 S.E.2d at 865.

In the case *sub judice,* evidence was never accepted by the district court for an adjudication of defendants' guilt. Instead, the record tends to show that the district court entertained defendants' pretrial motions to dismiss based upon prosecutorial misconduct, hearing arguments of the State and each of the defendants. Therein, jeopardy did not attach. As jeopardy did not attach, it necessarily follows that state and federal prohibitions against double jeopardy were not violated.

Moreover, defendants' argument that in this action, prosecutorial misconduct alone warrants a finding that reinstatement of charges against them constitutes double jeopardy is without merit. In *State v.*

**STATE v. WARD**

[127 N.C. App. 115 (1997)]

*White*, 322 N.C. 506, 369 S.E.2d 813 (1988), our Supreme Court adopted the federal test for determining whether retrial is barred after a mistrial because of prosecutorial misconduct. Therein, the Supreme Court stated, "Where the defendant makes [a motion for mistrial] because of prosecutorial misconduct, and the court grants the motion, retrial is not barred by Article I, Section 19 unless the defendant shows that the prosecutor was motivated by the intent to provoke a mistrial instead of merely the intent to prejudice the defendant." *Id.* at 511, 369 S.E.2d at 815. Again, as there has been no trial on the merits in the present case, jeopardy has not attached. Moreover, the State's bad faith in seeking to admit documents and information obtained during settlement negotiations between defendants and the Attorney General's Office, and pretrial publicity sought in contravention with representations of the District Attorney's Office, cannot be said to have been intended to provoke a mistrial. Defendants arguments to the contrary are unpersuasive.

In view of our finding that the State's appeal to the superior court did not violate state and federal prohibitions against double jeopardy, defendants' argument that the State's appeal was erroneously heard by the superior court, without a proper showing by the State that said appeal was not prohibited by the double jeopardy clause, is moot.

In light of the foregoing, the decision of the superior court is reversed, and the matter remanded to the superior court for *de novo* review as to defendants' motions to dismiss the charges against each of them.

Reversed and remanded.

Judges COZORT and MARTIN, Mark D., concur.

Judge COZORT concurred prior to 31 July 1997.