STATE OF NORTH CAROLINA v. PRESTON SMITH

No. 407PA04

(Filed 1 July 2005)

**Probation and Parole— probation in district court—appeal to superior court—pretrial release—probation violation report**

A probation violation report was timely filed where probation for one year was imposed by a district court judge, defendant appealed to superior court but thereafter withdrew the appeal, the matter was remanded to district court for execution of judgment, and the probation violation report was filed within one year of remand to district court but more than one year from the time probation was originally imposed. N.C.G.S. § 15A-1431(e) provides that a defendant appealing a conviction to superior court for a trial de novo is subject to pretrial release; it is a logical impossibility for a defendant to be simultaneously on pretrial release and on probation for the same offense so that his probation did not begin until his case was remanded to the district court for execution of the judgment and did not expire until one year after that date.

**STATE v. SMITH**

[359 N.C. 618 (2005)]

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 165 N.C. App. 256, 598 S.E.2d 408 (2004), reversing an order entered 13 March 2003 by Judge James U. Downs in Superior Court, Buncombe County. Heard in the Supreme Court 18 April 2005.

*Roy Cooper, Attorney General, by Kathleen U. Baldwin, Assistant Attorney General, for the State-appellant.*

*Staples S. Hughes, Appellate Defender, by Barbara S. Blackman, Assistant Appellate Defender, for defendant-appellee.*

EDMUNDS, Justice.

A defendant convicted of a criminal offense in district court may appeal as a matter of right to superior court for a trial *de novo*. *See* N.C.G.S. § 15A-1431(b) (2003). This·case presents the issue of whether an unconfined defendant who appeals a conviction in which a sentence of probation was imposed as part of the judgment is on probation during the pendency of the appeal. Because N.C.G.S. § 15A-1431(e) provides that a defendant remains on pretrial release during such an appeal, he or she is not also on probation. Accordingly, we reverse the. Court of Appeals holding to the contrary.

Defendant Preston Smith was convicted of misdemeanor assault on a female. On 6 December 2000, the district court entered judgment imposing a sentence of ninety days. Defendant's sentence was suspended and he was placed on supervised probation for a period of twelve months. As one of the conditions of probation, defendant was ordered to pay a fine of $100 and costs of $202, for a total of $302. On or about the same date, defendant entered notice of appeal to the superior court.

On 29 January 2001, defendant in superior court withdrew his notice of appeal pursuant to N.C.G.S. § 15A-1431(h). The superior court judge ordered that defendant's case be remanded to the district court for immediate execution of that court's earlier judgment. The next day, defendant signed a form titled "Acknowledgment and Monetary Conditions" in which he agreed to pay the $302 fine and costs at the rate of $50 per month, starting on 28 February 2001. In this form, defendant also stated that he understood that failure to make the required payments would constitute a violation of his probation.

Although defendant would have paid off the entire amount in approximately six months if he had followed the payment schedule, on 24 January 2002, defendant's probation officer filed a violation report alleging that defendant was in arrears on his payments in the amount of $140. Defendant acknowledged receiving a copy of this report, and the matter was heard in district court on 28 January 2003. The presiding judge determined that defendant's probation expired on 6 December 2001, one year after defendant's sentence was originally imposed in district court. Because the State did not file its probation violation report until 24 January 2002, the judge concluded that the report had not been filed before the expiration of defendant's one year period of probation. Accordingly, the judge dismissed the probation violation.

The State entered notice of appeal to the superior court. Defendant moved to dismiss the appeal on the grounds that the State had no right to appeal under N.C.G.S. § 15A-1432. After the superior court granted defendant's motion to dismiss on 6 March 2003, the State on 7 March 2003 petitioned the superior court for writ of certiorari. The superior court judge conducted a hearing on 10 March 2003, then granted the State's petition and found that defendant's probation commenced on the date his case was remanded to the district court. Because the remand occurred on 29 January 2001, the State's 24 January 2002 probation violation report was timely filed. Defendant entered notice of appeal to the North Carolina Court of Appeals, and the superior court judge certified that the appeal, though interlocutory, was appropriately justiciable in the appellate division.

The Court of Appeals reversed. That court compared N.C.G.S. § 15A-1431, which is contained in Article 90 of Chapter 15A of the General Statutes of North Carolina and deals with appeals from district to superior court, with N.C.G.S. § 15A-1451, which is contained in Article 91 of the General Statutes of North Carolina and relates to appeals to the appellate division. The former states that "[a]ppeal [to superior court from district court] pursuant to this section stays the execution of portions of the judgment relating to fine and costs. Appeal stays portions of the judgment relating to confinement when the defendant has complied with conditions of pretrial release." N.C.G.S. § 15A-1431(f) (2003). This statute makes no reference to probation. By contrast, N.C.G.S. § 15A-1451 states that "[w]hen a defendant has given notice of appeal [to the appellate division]: . . . [p]robation or special probation is stayed." *Id.* § 15A-1451(a) (2003). The

STATE v. SMITH

[359 N.C. 618 (2005)]

Court of Appeals concluded that because N.C.G.S. § 15A-1451 contains a specific reference to probation, the absence of a corresponding reference to probation in N.C.G.S. § 15A-1431(f) reflected the General Assembly's intent that an appeal of a misdemeanor conviction from district court to superior court would not stay probation. Accordingly, the Court of Appeals held that defendant's year of probation began to run on 6 December 2000 and that the violation report was untimely filed. On 6 October 2004, this Court allowed the State's petitions for writ of supersedeas and for discretionary review.

The Court of Appeals comparison of these two statutes is a time-honored method of analysis. However, we do not believe this process is appropriate in this case because the types of appeals addressed by the statutes are distinct and are designed to protect different interests and achieve different ends. Moreover, we need not refer to Article 91 because the provisions of Article 90 adequately address the situation presented here. Section 15A-1431(e) provides that a defendant appealing a conviction to superior court for a trial *de novo* is subject to the terms of pretrial release. *Id.* § 15A-1431(e) (2003) ("Any order of pretrial release remains in effect pending appeal by the defendant unless the judge modifies the order."). The absence of any reference in this statute or in Article 90 to the effect of an appeal on probation is readily understandable in light of the logical impossibility of a defendant being simultaneously on pretrial release and on probation for the same offense.

Because defendant remained on pretrial release while his case was on appeal to the superior court, his probation did not begin until his case was remanded to the district court for execution of the judgment and did not expire until one year after that date. Therefore, the violation report was timely filed.

REVERSED.