STATE OF NORTH CAROLINA
v.
BOHDAN LESKIW.
No. COA06-1687
Court of Appeals of North Carolina.
Filed November 6, 2007
This case not for publication
Attorney General Roy Cooper, by Special Counsel Isaac T. Avery, III, for the State.
The Robinson Law Firm, P.A., by Leslie S. Robinson, for defendant-appellant.
CALABRIA, Judge.
Bohdan Leskiw ("defendant") appeals from an order granting the State's appeal, denying defendant's motion to dismiss the State's appeal, and reinstating the driving while impaired charge against the defendant. Because we find that the trial court erred by not conducting a de novo review, we reverse and remand to the superior court.
On 11 March 2005, Greenville police officer M.L. Montanye ("Officer Montanye") stopped defendant and asked him to produce his driver's license and vehicle registration. Defendant was driving with a valid driver's license, however the Division of Motor Vehicle's electronic database indicated that defendant's license had been revoked for an impaired driving offense. Defendant offered Officer Montanye a receipt indicating he paid certain fees to show the license was valid. Officer Montanye did not examine this documentation. Although defendant was arrested for driving while impaired, driving while license revoked, displaying a license that was suspended and a seat belt violation, the citation for driving while impaired is the only citation included in the record. Pursuant to N.C. Gen. Stat. § 20-28.3 (2005), Officer Montanye seized defendant's vehicle. Defendant expended $475.00 in towing and storage fees, and $950.00 to retain counsel and retrieve his vehicle. Defendant successfully retrieved his vehicle on 25 March 2005, two weeks after it was seized. The State later dismissed the charges for driving while license was revoked and displaying a license known to be revoked.[1] The State concedes the seizure of defendant's vehicle was improper because defendant's license was valid at the time.
Defendant moved to dismiss the driving while impaired charge asserting double jeopardy and lack of another remedy at law for the loss of use of his car, payment of attorneys fees, and towing and storage fees. On 26 May 2006, nunc pro tunc 16 March 2006, the Honorable G. Galen Braddy of Pitt County District Court dismissed the driving while impaired charge. The State filed a motion to appeal on 20 March 2006. On 16 May 2006, defendant filed a motion to dismiss the State's appeal because the State did not file its appeal in superior court and it did not specify the factual or legal basis for appeal. On 22 June 2006, in Pitt County Superior Court, the Honorable Quentin T. Sumner heard oral arguments on defendant's motion to dismiss the State's appeal, granted the State's appeal, denied defendant's motion to dismiss, and reinstated the driving while impaired charge. Also on 22 June 2006, defendant gave oral notice of appeal and the trial judge certified the issue for appeal was justiciable. The court filed the order on 13 December 2006. Defendant certified in his written notice of appeal that the appeal was not taken for the purpose of delay.

I. Interlocutory Appeals
As a general rule, defendants in criminal cases have no right to appeal an interlocutory order. State v. Blades, 209 N.C. 56, 57, 182 S.E. 714 (1935). "An order is interlocutory if it does not determine the issues in an action, but instead merely directs some further proceeding preliminary to the final decree." State v. Nichols, 140 N.C. App. 597, 598, 537 S.E.2d 825, 826 (2000) (quoting Collins v. Talley, 135 N.C. App. 758, 759, 522 S.E.2d 794, 796 (1999)). Certain interlocutory appeals are permitted by statute. State v. Thompson, 128 N.C. App. 547, 550, 496 S.E.2d 597, 598, rev'd on other grounds by, 349 N.C. 483, 508 S.E.2d 277 (1998). Under N.C. Gen. Stat. § 15A-1432(d) (2005), a defendant who certifies an appeal is not taken for purposes of delay and whose cause is found by a judge to be "appropriately justiciable," may appeal superior court orders granting a State's appeal of a district court order dismissing criminal charges directly to the Court of Appeals. N.C. Gen. Stat. § 15A-1432(d) (2005); State v. Smith, 165 N.C. App. 256, 259, 598 S.E.2d 408, 410 (2004), rev'd on other grounds by, 359 N.C. 618, 614 S.E.2d 279 (2005). Defendant complied with the prerequisites mandated in the statute, therefore his interlocutory appeal may be heard.

II. State's Appeal under N.C. Gen. Stat. § 15A-1432
Defendant argues the superior court judge erred in granting the State's appeal because the State's motion failed to specify the basis of its appeal as required by N.C. Gen. Stat. § 15A-1432(b) (2005). We disagree.
The North Carolina Criminal Procedure Act governs appeals by the State from a district court judge's order. N.C. Gen. Stat. § 15A-1432 (2005). The State may appeal to superior court when "there has been a decision or judgment dismissing criminal charges as to one or more counts." N.C. Gen. Stat. § 15A-1432(a)(1) (2005). N.C. Gen. Stat. § 15A-1432 sets forth "a simplified motion practice" for the State to follow in its appeal. N.C. Gen. Stat. § 15A-1432(b) (Criminal Code Commission Commentary). Subsection (b) states: "the appeal is by written motion specifying the basis of the appeal made within 10 days after the entry of the judgment in the district court." N.C. Gen. Stat. § 15A-1432(b) (2005).
The term "basis of the appeal" is not defined in the statute, however this issue has been addressed in prior cases. In State v. Hamrick, the State's notice of appeal was written in the order dismissing the charges, which stated that the State "gave notice of appeal." State v. Hamrick, 110 N.C. App. 60, 64, 428 S.E.2d 830, 832 (1993). This Court held such notice was insufficient because it did not specify the basis of the appeal. Id.
In State v. Ward, this Court found sufficient notice where the State's notice of appeal alleged that there were "no written findings of fact that support the decision and Order of dismissal," and that "[t]he reason[s], stated in open court, of pre-trial publicity and/or prosecutorial misconduct are not legally proper reasons for dismissal of criminal charges without a finding of fact based upon the evidence . . . ." State v. Ward, 127 N.C. App. 115, 117, 120-21, 487 S.E.2d 798, 800, 802 (1997).
Defendant asserts the State's appeal merely cited a chronological summary of the proceedings in district court instead of stating the legal basis for its appeal. We disagree.
The State's motion to appeal stated in pertinent part:
6. That Defendant, through counsel, argued for dismissal of the driving while impaired charge by alleging a Double Jeopardy violation pursuant to G.S. 15A-951, G.S. 15A-953, G.S. 20-28.5, Article 1, Section 19 and Section 23 of the North Carolina Constitution, and the Fourth and Fourteenth Amendments to the United States Constitution, but presented no testimonial or documentary evidence in support of said motion to dismiss.

7. That the State contended that Defendant's argument in support of the motion to dismiss failed to allege any substantial violation of the Defendant's statutory or constitutional rights.

. . . .
THEREFORE, the State requests that this Honorable Court: 1. Find that no competent evidence was presented to support the motion and order to dismiss

2. Find that the District Court Judge's Dismissal of this charge was contrary to law.

. . .
(emphasis added).
The State's motion alleges there was "no testimonial or documentary evidence in support of [defendant's] motion to dismiss," that defendant "failed to allege any substantial violation of the Defendant's statutory or constitutional rights," and asks the court to find that "no competent evidence was presented to support the motion and order to dismiss," and "[d]ismissal of this charge was contrary to law." Because these statements delineate a basis for the State's appeal, they satisfy the requirements of N.C. Gen. Stat. § 15A-1432(b) in accordance with the statute and case law. Ward, 127 N.C. App. at 120-21, 487 S.E.2d at 802. This assignment of error is overruled.

III. De Novo Hearing
Defendant next argues that the superior court failed to conduct a de novo review and examine evidence to determine whether the district court order was correct. We agree.
The State contends that defendant failed to assign error to each finding of fact which results in a presumption that the findings are supported by competent evidence, citing State v. Taylor, 155 N.C. App. 251, 258, 574 S.E.2d 58, 64 (2002). Taylor involved defendant's appeal of a second-degree murder conviction after a trial on the merits. Taylor, 155 N.C. App. at 254, 574 S.E.2d at 61. We find this case distinguishable. In the case subjudice, the defendant properly preserved his objection to the court's failure to conduct a de novo review at the hearing on the motion to dismiss, in assignment of error number six, and in his brief.
"In the State's appeal under G.S. 15A-1432, the hearing in Superior Court is limited to a de novo review of the District Court's order dismissing criminal charges against a defendant . . . ." State v. Gurganus, 71 N.C. App. 95, 99, 321 S.E.2d 923, 926 (1984). This Court, in State v. Ward, addressed the issue of whether the superior court properly reviewed the district court's dismissal of criminal charges at a hearing on defendant's motion to dismiss the State's appeal. Ward, 127 N.C. App. at 117-18, 487 S.E.2d at 800. In Ward, defendants were charged with unlawful promotion and participation in a pyramid scheme. Id., 127 N.C. App. at 116, 487 S.E.2d at 799-800. They moved to dismiss on the basis of prosecutorial misconduct.[2]Id., 127 N.C. App. at 117, 487 S.E.2d at 800. The district court judge dismissed the charges and the State appealed. Id. Defendants moved to dismiss the State's appeal. Id. The superior court judge heard counsel's oral arguments and entered an order reinstating the criminal charges and remanding the matter to the district court. Id. This Court found that "[i]t is evident from the record that the superior court misapprehended the nature of that court's review on appeal; and failed to hold the necessary hearing for de novo review in this case." Id., 127 N.C. App. at 120, 487 S.E.2d at 801. This Court reversed and remanded the case to superior court for a de novo hearing. Id.
Here, as in Ward, the superior court heard oral arguments on the validity of the State's appeal. At the hearing, the State argued the basis for the appeal was there was no competent evidence presented. Defendant argued that the district court considered competent evidence in the form of defendant's sworn affidavit, by taking judicial notice of the driving while impaired file, and dismissal by the State of the driving while license revoked and displaying license revoked charges. The superior court then decided that the charges should be reinstated and remanded for findings of fact and conclusions of law from the district court judge. The superior court's order lists findings of fact and five conclusions of law. Only one of the court's conclusions of law related directly to the dismissal of the driving while impaired charge, concluding that "there was no legal basis for the dismissal of the driving while impaired charge . . . ."
The proper procedure on the State's appeal to the superior court for dismissal of criminal charges is for the superior court to conduct a de novo hearing to determine whether the charges were properly dismissed. Gurganus, 71 N.C. App. at 97, 321 S.E.2d at 924-25 (State's appeal of dismissal of criminal charges was heard upon a de novo hearing, where superior court judge received evidence, found facts, and concluded as a matter of law, jeopardy had not attached and remanded to the district court for a trial on the merits.).
Like the superior court in Ward, the Pitt County Superior Court judge failed to hold a de novo hearing prior to dismissing the charges. Accordingly, the matter must be remanded to the superior court with instructions to conduct a de novo hearing, "with an order affirming or reversing the district court's dismissal to be subsequently entered." Ward, 127 N.C. App. at 120, 487 S.E.2d at 801. Because the superior court failed to conduct a de novo hearing on the issue of whether the district court properly dismissed the charges, the issue of whether the superior court erred in reversing the district court's order is not properly before us and we need not examine defendant's third argument. Id.
Finally, we note that although defendant assigned eight errors on appeal, defendant only argues three of them in his brief. Assignments of error that are not argued are abandoned pursuant to N.C. R. App. P. 28(b)(6) (2007). State v. Clapp, 135 N.C. App. 52, 57, 519 S.E.2d 90, 93 (1999). Accordingly, we did not address those errors we deemed abandoned.
Reversed and remanded.
Judges GEER and JACKSON concur.
Report per Rule 30(e).
NOTES
[1] Nothing in the record indicates the disposition of the seat belt violation.
[2] Defendants also moved in the alternative for appointment of an outside prosecutor and moved to suppress evidence discovered during a settlement conference with the Attorney General's Office. Ward, 127 N.C. App. at 117, 487 S.E.2d at 800.