STATE OF NORTH CAROLINA
v.
BOHDAN LESKIW
No. COA08-1494
Court of Appeals of North Carolina
Filed September 15, 2009
This case not for publication
Attorney General Roy Cooper, by Special Counsel Isaac T. Avery, III, for the State.
The Robinson Law Firm, P.A., by Leslie S. Robinson, for Defendant-Appellant.
STEPHENS, Judge.
On 11 March 2005, Bohdan Leskiw ("Defendant") was charged with driving while impaired ("DWI") in violation of N.C. Gen. Stat. § 20-138.1.[1] Defendant filed a motion to dismiss this charge on 16 March 2005. In a written order containing findings of fact and conclusions of law filed 26 May 2006 "for 16 March 2006[,]" the Honorable G. Galen Braddy, District Court Judge, granted Defendant's motion and dismissed the DWI charge on grounds of double jeopardy. On 20 March 2006, the State filed a written "Motion to Appeal" to superior court, pursuant to N.C. Gen. Stat. § 15A-1432, from the district court's ruling. The State's appeal was heard by Judge Quentin T. Sumner in Pitt County Superior Court on 22 June 2006. Judge Sumner reversed the order of the district court, reinstated the DWI charge, and remanded the case to district court for further proceedings. On 30 June 2006, Defendant appealed from Judge Sumner's order to this Court. In an unpublished opinion filed 6 November 2007, our Court reversed and remanded the case back to superior court to conduct a de novo hearing on Defendant's motion to dismiss. State v. Leskiw, 186 N.C. App. 680, 652 S.E.2d 72, 2007 WL 3256876, 4 (2007) (unpublished) ("[T]he matter must be remanded to the superior court with instructions to conduct a de novo hearing, `with an order affirming or reversing the district court's dismissal to be subsequently entered.'" (citation omitted)).
On 11 July 2008, a de novo hearing was held before Judge John Nobles in Pitt County Superior Court on the State's appeal from the district court's order granting Defendant's motion to dismiss the DWI charge. The hearing transcript provided to this Court indicates that, at the conclusion of the evidence, the trial judge had mixed feelings about the district court's order, as shown by the following exchange between the trial judge and defense counsel:
The Court: Well, I'll tell you I've got a great deal of sympathy for [Defendant's] position. I really do. I have a hard time extending it as far as you asked me to extend it. I recognize the frustration of it but dismissing the case is not something that the Court can, I mean, I can't go that far in this kind of case. The reason I can't is I'm having a hard time and still it's a safety statute and I'm dismissing an Order to punish the state of North Carolina for their, really their acknowledged [wrongdoing]. Maybe not, it certainly wasn't [willful] on the part of the officer, he didn't know. He was just following the procedure that was given to him and you've acknowledged that it wasn't [willful] on his part but I just can't, I mean, I want you to make your record because if there's a way that you can get the law to address that, that's fine.
[Counsel for Defendant]: Well, I'll tell you, Judge, you know, we had this debate [in District Court] and I certainly respect His Honor's opinions to the nth [sic] degree but if we don't do that then he's left with no remedy. He has no remedy whatsoever. So basically because of the State and if you look at the records the State introduced on Wednesday, a business day, he paid the fee.
. . . .
The Court: I agree and I appreciate your representation of him and you certainly put a great deal of strain on the Court and I'd like to rule with you.
[Counsel for Defendant]: Yes, I understand. The Court: But I can't bring myself to take it that far.
. . . .
The Court: You'll have to draft your Order. The findings of Judge Braddy  by the way, I did not disagree with any of them right down the line with the exception of I do not see that jeopardy has attached in the matter and I'm not going to dismiss the case.
. . . .
[Counsel for Defendant]: That's what I'm getting to, Judge. I don't have an automatic right of appeal but I wish to give notice of appeal and for it to go up, I would ask His Honor to find that the issue is [justiciable] and that we are not doing it for any delay. If you find those two things then I can take it up to the Court of Appeals to address this issue.
The Court: I'll be glad to do that, draft an Order.
The transcript, however, contains no formal, specific findings of fact or conclusions of law made by Judge Nobles on the motion to dismiss. Furthermore, the transcript does not reveal that Judge Nobles entered any final ruling determining the motion to dismiss, and no order, judgment, or ruling of any kind appears in the record on appeal. Nothing in the record before this Court shows that the trial court complied with the mandate of this Court to enter an order, after conducting a de novo hearing, "`affirming or reversing the district court's dismissal . . . .'" Leskiw, 186 N.C. App. 680, 652 S.E.2d 72, 2007 WL 3256876, 4 (2007) (unpublished) (citation omitted); see also N.C. Gen. Stat. § 15A-1432(d) ("If the superior court finds that a judgment, ruling, or order dismissing criminal charges in the district court was in error, it must reinstate the charges and remand the matter to district court for further proceedings." (emphasis added)). Wilful willful
Instead, the record contains only an order signed by Judge Nobles on 1 December 2008 entitled "Certification of Justiciable Issues[,]" "certify[ing] that this matter is appropriately justiciable in the appellate division as an interlocutory matter[]" and "find[ing] that the Defendant gave Notice of Appeal in open court on 11 July 2008[.]" This order, while permitted by section 15A-1432(d),[2] is insufficient to determine the motion to dismiss and, indeed, does not even purport to do so. With no order entered in superior court affirming or reversing the district court on the motion to dismiss, this "[j]usticiable [i]ssues" order puts the cart before the horse. We thus are constrained to conclude that, because the trial court has not entered judgment on its de novo review of the issues raised by Defendant's motion to dismiss the DWI charge, the record before us is inadequate to permit appellate review. See, e.g., State v. Haislip, 362 N.C. 499, 500, 666 S.E.2d 757, 758-59 (2008) (holding that appellate review was not available where the trial transcript revealed no ruling on the motion to suppress and where no written order or ruling on the motion was included in the record). Accordingly, Defendant's appeal is
DISMISSED.
Judges BRYANT and GEER concur.
Report per Rule 30(e).
NOTES
[1] Although there are no references to additional charges in the citation, the record and transcript provided on appeal indicate that Defendant was also charged with driving while license revoked, display of a license knowing the same to be revoked, and a seatbelt violation.
[2] When the superior court reverses the district court's dismissal of criminal charges, "[t]he Defendant may appeal this order to the appellate division as in the case of other orders of the superior court, including by an interlocutory appeal if the defendant, or his attorney, certifies to the superior court judge who entered the order that the appeal is not taken for the purpose of delay and if the judge finds the cause is appropriately justiciable in the appellate division as an interlocutory matter." N.C. Gen. Stat. § 15A-1432(d) (2007).