An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA 14-3
NORTH CAROLINA COURT OF APPEALS

Filed: 29 July 2014

STATE OF NORTH CAROLINA

   v.                          Ashe County
                                   No. 12 CRS 51013

ELIZABETH HARRELSON MEAD

Appeal by defendant from judgment entered 6 September 2013 by Judge Ronald E. Spivey in Ashe County Superior Court. Heard in the Court of Appeals 5 May 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Mary S. Mercer, for the State.*

> *Randolph and Fischer, by J. Clark Fischer, for defendant-appellant.*

STEELMAN, Judge.

While defendant preserved her double jeopardy issue for appellate review, the two offenses were separate and distinct and do not violate the principles of double jeopardy. Defendant waived the right to object to the disjunctive nature of the charge by failing to object at trial. Where there was substantial evidence presented of each element of the charge of unsafe movement, the superior court properly denied defendant's motion to dismiss.

## I. Factual and Procedural Background

On 30 September 2012 defendant's car struck a parked car as she was leaving the parking lot of a CVS store. On 3 October 2012 an arrest warrant was issued charging defendant with hit and run with property damage pursuant to N.C. Gen. Stat. § 20-166(c)(2013).

The case was tried in district court on 14 February 2013. Following the presentation of the State's evidence, the district court judge dismissed the hit and run charge, but ordered defendant to pay a fine for "MSC-Unsafe Movement." N.C. Gen. Stat. § 20-154. On the same date, the State filed a Misdemeanor Statement of Charges (MSC) alleging that defendant violated N.C. Gen. Stat. § 20-154 "by failing to see before starting/backing that such movement could be made in safety." The parties dispute when the MSC was filed in relation to the dismissal of the hit and run charge. Defendant appealed to superior court.

Defendant was tried before a jury at the 3 September 2013 Session of Criminal Superior Court of Ashe County. The State offered evidence including witness testimony, video surveillance recordings, and a diagram of the CVS parking lot. On 6 September 2013, the jury found defendant responsible for making an unsafe movement.

Defendant appeals.[1]

## II. Double Jeopardy

In her first argument, defendant contends that her "acquittal in district court of the original charge of hit and run precluded further prosecution under basic principles of double jeopardy."

We disagree.

## A. Standard of Review

We review *de novo* whether the State's filing of a misdemeanor statement of charges for unsafe movement violated the principles of double jeopardy. *State v. Fox*, 216 N.C. App. 144, 147, 721 S.E.2d 673, 675 (2011) (citations omitted) ("The standard of review for this issue is *de novo*, as the trial court made a legal conclusion regarding the defendant's exposure to double jeopardy."). Under a *de novo* standard of review, this Court "considers the matter anew and freely substitutes its own judgment" for that of the trial court. *State v. Williams*, 362

---

[1] At the time of defendant's appeal from district court to superior court, defendants were permitted to appeal infractions to superior court and have a trial by jury under the provisions of N.C. Gen. Stat. § 15A-1115(a)(1986). This same statute allowed defendant to appeal from the superior court to this Court. Session Law 2013-385 deleted N.C. Gen. Stat. § 15A-1115(a), limiting appeals of infractions to the superior court and this Court to infractions described in N.C. Gen. Stat. § 7A-271(d). This statute applies to offenses committed on or after 1 December 2013.

N.C. 628, 632-33, 669 S.E.2d 290, 294 (2008) (citations omitted).

### C. Analysis

"The Fifth Amendment to the United States Constitution and Article I, Section 19 of the North Carolina Constitution prohibit double jeopardy." *State v. Sparks*, 182 N.C. App. 45, 47, 641 S.E.2d 339, 341 (2007) (quoting U.S. Const. amend. V; N.C. Const. art. I, § 19). The doctrine of double jeopardy "provides that no person shall be subject for the same offen[s]e to be twice put in jeopardy of life or limb." *Id.* (citations and internal quotation marks omitted). Once jeopardy has attached, defendant is "protect[ed] against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." *State v. Rahaman*, 202 N.C. App. 36, 40, 688 S.E.2d 58, 62 (2010) (citations and internal quotation marks omitted). In a nonjury trial in district court, "jeopardy attaches when the court begins to hear evidence or testimony," *State v. Brunson*, 327 N.C. 244, 249, 393 S.E.2d 860, 864 (1990), if offered for the purpose of determining defendant's guilt. *State v. Ward*, 127 N.C. App. 115, 121, 487 S.E.2d 798, 802 (1997).

"[T]he double jeopardy protection" may be raised on appeal when "the defense and the facts underlying it are brought first

to the attention of the trial court." *State v. McKenzie*, 292 N.C. 170, 176, 232 S.E.2d 424, 428 (1977). In *State v. McKenzie*, the defendant made no objection, motion, or argument before the trial court relating to double jeopardy. *Id*. at 176, 232 S.E.2d at 429. In the present case, defendant made a motion, both sides presented arguments to the trial court, and the trial court ruled on the issue of double jeopardy. Thus, defendant in the present case preserved her right to appeal the double jeopardy issue. *Id.* at 176-77, 232 S.E.2d at 428-29.

Defendant argues that the State filed a misdemeanor statement of charges for unsafe movement after jeopardy attached in the hit and run property damage case. Defendant contends that since the hit and run charge was dismissed in district court after the State presented evidence, "the state's action in proceeding on a misdemeanor statement of charges alleging unsafe movement based on the same conduct" was unconstitutional and procedurally improper. The State contends that "jeopardy does not attach when a pretrial conference takes place" and therefore initiation of the misdemeanor statement of charges for unsafe movement was permissible.

The district court was not a court of record. *Ward,* 127 N.C. App. at 119, 487 S.E.2d at 801 (1997). We are thus unable to determine when the MSC was filed. Even assuming *arguendo* that jeopardy had attached to the hit and run property damage

case, defendant overlooks "the general rule in North Carolina." *State v. Strohauer*, 84 N.C. App. 68, 72-73, 351 S.E.2d 823, 827 (1987) ("determining whether certain crimes are separate and distinct offenses is based on *Blockburger v. U.S.*, 284 U.S. 299, 52 S.Ct. 180 (1932)").

"The [Blockburger] rule states that in order to show separate and distinct offenses, there must be proof of an additional fact required for each conviction. It is not enough to show that one crime requires proof of a fact that the other does not. Each offense must include an element not common to the other." *State v. Hoover*, 89 N.C. App. 199, 208, 365 S.E.2d 920, 926 (1988) (citations omitted).

In the instant case, defendant was originally charged pursuant to N.C. Gen. Stat. § 20-166(c) which required the State to prove that: (1) defendant was the driver of a vehicle; (2) defendant knew or should have known that the vehicle which defendant was operating was involved in a collision; (3) such collision resulted in property damage; and (4) defendant failed to immediately stop at the scene of the collision. Violation of this statute is a Class 1 misdemeanor.

Assuming that an unsafe movement infraction in violation of N.C. Gen. Stat. §20-154(a) constitutes an "offense" for the purposes of double jeopardy, the State was required to prove that: (1) defendant was the driver of a vehicle; (2) the vehicle

which defendant was operating was on a highway or public vehicular area; and (3) defendant backed her vehicle in a manner that could not be made with safety and without interfering with other traffic. *See State v. Hamrick*, 110 N.C. App. 60, 66, 428 S.E.2d 830, 833 (1993) (holding that the doctrine of double jeopardy applied to a violation of N.C. Gen. Stat. § 20-146 (1989), for "driving a vehicle left of center").

Under the *Blockburger* test, a "hit and run" misdemeanor and an "unsafe movement" infraction differ in the facts that must be proven by the State. An unsafe movement violation does not require proof that defendant failed to "immediately stop" or that a resulting collision caused property damage. Similarly, a hit and run misdemeanor does not require proof that defendant backed the vehicle which could not be made in safety and without interfering with traffic. Each offense has at least one essential element that is not an element of the other offense. Thus, the two offenses are "separate and distinct." *State v. Hoover*, 89 N.C. App. at 208, 365 S.E.2d at 926.

We hold that the doctrine of double jeopardy did not bar the State from proceeding on the misdemeanor statement of charges against defendant for an unsafe movement.

### III. Misdemeanor Statement of Charges

In her second argument, defendant contends that the unsafe movement charge was improperly charged and fatally disjunctive. We disagree.

The "authority of the State to prosecute under a misdemeanor statement of charges" permits the prosecutor to "file a statement of charges upon his own determination prior to arraignment in the district court." N.C. Gen. Stat. § 15A-922(d). This State's pretrial procedure provides that "[a] defendant will be arraigned in accordance with this section only if the *defendant files a written request with the clerk of superior court*[.]" N.C. Gen. Stat. § 15A-941(d) (emphasis added).

Defendant cites no case law to support her argument that a dismissal following a pre-trial conference in district court implies that an arraignment took place. At no time during the "pre-trial conference" or any time thereafter did defendant file a written request for arraignment with the clerk of superior court, as required pursuant to N.C. Gen. Stat. § 15A-941(d). As the N.C. Supreme Court explained in *State v. King*, "[i]f a defendant feels that he has not been properly informed of the charges against him at arraignment, it is his duty to object at that time and to have appropriate entries made in the record to show the basis for the objection." 311 N.C. 603, 609, 320

S.E.2d 1, 5 (1984) (citations and internal quotation marks omitted). Thus, even if we were to accept defendant's argument that a dismissal in district court gives rise to a presumption of an arraignment, defendant waived her right to object on the grounds of a disjunctive pleading because defendant was required to object during the arraignment. *King*, 311 N.C. at 609-10, 320 S.E.2d at 5-6*; State v. Sellers*, 273 N.C. 641, 645-51, 161 S.E.2d. 15, 18-22 (1968) (explaining that a disjunctive pleading is "sufficient if it advises the defendant of the charges he is facing").

We hold that the filing of the MSC was both timely and sufficient to put defendant on notice as to the nature of the charge for unsafe movement. This argument is without merit.

## IV. Denial of Motion to Dismiss

As part of her second argument, defendant contends that her motion to dismiss should have been granted because the State's evidence was insufficient to support submitting the unsafe movement charge to the jury. We disagree.

## A. Standard of Review

When ruling on a motion to dismiss, the trial court must consider all the evidence in the light most favorable to the State. *State v. Powell*, 299 N.C. 95, 99, 261 S.E.2d 114, 117 (1980). The State's evidence is "entitled to the benefit of . . . every reasonable inference to be drawn therefrom." *State v.*

*Brown*, 218 N.C. 415, 420, 11 S.E.2d 321, 324 (1940). "[T]he defendant's evidence should be disregarded unless it is favorable to the State or does not conflict with the State's evidence." *State v. Fritsch*, 351 N.C. 373, 379, 526 S.E.2d 451, 455 (2000) (citations omitted). "The trial court's decision as to whether there is substantial evidence is a question of law, and, on appeal, we review it *de novo*." *State v. Chamberlain*, ___ N.C. App. ___, ___, 753 S.E.2d 725, 729 (2014) (citations and internal quotation marks omitted).

## B. Analysis

The test to be applied in ruling on a defendant's motion to dismiss is whether the State has produced substantial evidence of each essential element of the offense charged. *Powell*, 299 N.C. at 98, 261 S.E.2d at 117 (1980). Substantial evidence is defined as "evidence from which a rational finder of fact could find the fact to be proved beyond a reasonable doubt." *State v. Davis*, 130 N.C. App. 675, 678, 505 S.E.2d 138, 141 (1998) (citations omitted).

"The trial court in considering such motions is concerned only with the sufficiency of the evidence to carry the case to the jury and not with its weight." *Powell*, 299 N.C. at 99, 261 S.E.2d at 117 (citations omitted). *See also Fritsch*, 351 N.C.

at 379, 526 S.E.2d at 455 (discrepancies and contradictions in the evidence are for the jury to resolve). "If there is more than a scintilla of competent evidence . . . it is the court's duty to submit the case to the jury." *State v. Everhardt*, 96 N.C. App. 1, 11, 384 S.E.2d 562, 568 (1989), *aff'd*, 326 N.C. 777, 392 S.E.2d 391 (1990) (citations omitted).

At trial, the State presented two video surveillance recordings of defendant backing up in the CVS parking lot on 30 September 2012. While these video surveillance recordings did not show defendant's vehicle making contact with the parked vehicle, Mr. Hartzog was an eyewitness to the collision. Mr. Hartzog testified that he observed defendant back up her vehicle and the parked vehicle shake "as it was impacted here on the corner." Considering the evidence in the light most favorable to the State, "a rational finder of fact could find" that defendant unsafely backed her car into the parked vehicle in the CVS parking lot. *Davis*, 130 N.C. App. at 678, 505 S.E.2d at 141. Defendant's arguments on appeal as to the reliability of the witness' testimony and the quality of the video surveillance recordings go to the credibility and weight of the evidence, and were properly submitted to the jury for resolution. *Fritsch*, 351 N.C. at 378, 526 S.E.2d at 455; *State v. Bunn*, 173 N.C. App. 729, 734, 619 S.E.2d 918, 921-22 (2005).

We hold there was substantial evidence to "carry the case to the jury." *Powell*, 299 N.C. at 99, 261 S.E.2d at 117. This argument is without merit.

NO ERROR.

Chief Judge MARTIN and Judge DILLON concur.

Report per Rule 30(e).